Waymon Kilan BROWN *v.* STATE of Arkansas

CA CR 83-139                    664 S.W.2d 507

Court of Appeals of Arkansas
EN BANC
Opinion delivered February 22, 1984

*William R. Simpson, Jr.,* Public Defender, by: *Thomas J. O'Hern,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Victra L. Fewell,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. Appellant, Waymon Kilan Brown, entered a plea of guilty to theft of property by deception on July 6, 1982, and was given a suspended

imposition of sentence for a period of five years on conditions. One of the conditions was that he make restitution to the State of Arkansas in the amount of $2,725.00, payable at the rate of $50.00 per month beginning December 1, 1982. Appellant was arrested on March 7, 1983, pursuant to a petition for revocation based upon appellant's alleged failure to make any payments toward restitution. On March 24, 1983, a hearing was held on the petition for revocation wherein the trial court committed appellant to the Arkansas Department of Corrections for a term of ten years with credit for jail time from March 7, 1983, to March 24, 1983. We affirm.

Appellant testified at the revocation hearing that he did not work in December of 1982 or in January and February of 1983. He stated that he had worked in September, October and November of 1982. Appellant was in jail from November 15, 1982, to December 16, 1982, because of his failure to pay the fine and costs assessed against him on the original theft by deception charge. He testified further that he was planning to go to work for his mother, although it was unclear at what time and for what wages. He offered no evidence to explain why he was not working, what job contacts he had made, or what his living expenses were. The record reveals appellant offered nothing in the way of explanation as to why he had failed to comply with the conditions previously imposed upon him by the trial court.

The provisions for revocation of suspended sentence are found in Ark. Stat. Ann. § 41-1208 (Repl. 1977). Subsection four of that statute addresses the showing that is required to revoke a suspended sentence, stating, "If the Court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension or probation, it may revoke the suspension or probation at any time prior to the expiration of the period of suspension or probation." Thus, the State must prove not only that a condition was violated but also that there was nothing that could be said to fairly excuse the violation. These factors need only be proved by a preponderance of the evidence. *Selph v. State*, 264 Ark. 197, 570 S.W.2d 256 (1978). On appeal, the appellant has the burden of proving that the

court's findings were clearly erroneous. *Pearson* v. *State*, 262 Ark. 513, 558 S.W.2d 149 (1977).

*Bearden* v. *Georgia,* ___ U.S. ___, 103 S. Ct. 2064 (1983), indicates that the sentencing court must inquire into the reasons for the failure of a probationer to pay a fine or restitution. In the instant case, appellant was represented by counsel and little, if any, explanation was provided by appellant for his failure to pay restitution. In such proceedings where the probationer is represented by counsel, we do not believe the probationer can sit back and rely totally upon the trial court to make inquiry into his excuse for nonpaymet. The defendant should go forward with whatever evidence he has in an attempt to establish excusable reasons why he did not pay the fine or restitution. In the instant case, the record reveals that the State proved by a preponderance of the evidence that appellant had not made payment and that his failure was inexcusable. The facts of the case at bar are clearly distinguishable from those of *Drain* v. *State,* 10 Ark. App. 338, 664 S.W.2d 484 (1984). In *Drain, supra,* the defendant had applied for jobs everywhere he could think of, only had an 8th grade education, cut firewood when he could, and had been committed to a mental hospital for a period of time. Witnesses verified most of those facts and the State did not refute them.

Accordingly, we find the evidence sufficient to support the finding that appellant had inexcusably violated the conditions of his probation.

Affirmed.