Clinton CAVIN *v.* STATE of Arkansas

CA CR 84-1                                    669 S.W.2d 508

Court of Appeals of Arkansas
Division II
Opinion delivered May 30, 1984
[Rehearing denied June 27, 1984.]

*McHenry & Skipper*, by: *Michael A. Skipper*, for appellant.

*Steve Clark*, Atty. Gen., by: *Michael E. Wheeler*, Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. On March 22, 1982, Clinton Cavin entered a plea of guilty to two counts of theft by deception. The court suspended the imposition of sentence for a period of eight years on the condition that appellant make restitution to his victims in the amount of

$66,240 of which $20,000 was to be paid on March 22, 1983, and the balance in annual installments of $5,000. The suspension was further conditioned upon payment of court costs, a fine of $10,000 and good behavior. On July 28, 1983, the suspension was revoked on a finding of the court that appellant had inexcusably failed to make any payments of restitution or court costs and committed him to the Arkansas Department of Correction for a term of eight years.

Appellant first contends that the trial court erred in revoking his suspension because his failure to make the required payments was excusable due to his inability to pay and that the trial court erred in not so finding. We do not agree.

The provisions for revocation of suspended sentences are set out in Ark. Stat. Ann. § 41-1208 (Repl. 1977). Subsection (4) of that statute provides that in order to revoke a sentence the court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with the conditions of his suspension. It is well settled that on a hearing to revoke the burden is upon the State to prove the violation of a condition by a preponderance of the evidence and on appellate review this court will not overturn the findings of the trial court unless it is clearly against a preponderance of the evidence. *Brown* v. *State*, 10 Ark. App. 387, 664 S.W.2d 507 (1984); *Brewer* v. *State*, 274 Ark. 38, 621 S.W.2d 698 (1981). As a determination of a preponderance of the evidence turns heavily on questions of credibility and weight to be given the testimony we defer to the trial judge's superior position in that regard. Here the trial court expressly found from the evidence that the appellant inexcusably failed to make the payments. We cannot conclude that this finding is clearly erroneous.

In *Drain* v. *State*, 10 Ark. App. 338, 664 S.W.2d 484 (1984) we held that a probationer ought not be imprisoned merely because he has not paid a fine or made restitution where it can be shown that the failure was not willful but was due solely to inability. In *Brown* v. *State, supra*, we held that where the record reveals the State has proved by a preponderance of the evidence that the failure to pay was

inexcusable, commitment is justified. Here the appellant testified that he had not made the payments because he had not been able to. He testified that he had had no earnings during either the two and a half year period since the offenses or the year subsequent to his suspended sentence. He said that he had worked but he had not been paid for it. In one instance he had worked for Eagle Enterprises in Oklahoma obtaining leases and doing other work in connection with the development of a natural gas field. Rather than his receiving remuneration for it, a 20% interest in the leases on 900 acres with eleven producing wells had been given to his adult children. He estimated the value of it to be in excess of $20,000. He tacitly admitted that the transfer was made to place that asset outside the reach of his judgment creditors.

He also indicated that he had an expectation of a substantial sum of money in the form of a commission for sale of a drill ship and offered to assign the leases and the commission to his victims. One of the victims testified that appellant's attorney had mentioned the assignment of the gas leases but that he considered them worthless and that he would prefer that the appellant dispose of them and pay him the proceeds. There was little to substantiate the expected commission on the drill ship and there was no evidence that an assignment of it had been offered to anyone. Appellant stated that he had not seriously sought employment for several years because regular employment would have interfered with his "other projects."

The trial court found that the offer to make restitution in the amount specified was suggested by the appellant himself and was not imposed by the court, that the court fully explained the consequences of failure to comply and that the appellant understood and agreed to those terms. It was stipulated that since that time appellant had paid nothing. The court further found "that appellant is not working and hasn't worked in several years, and for all practical purposes the prospects of doing so don't appear very good. Nobody is making a great deal of effort to go to work."

Appellant next argues that the trial court erred in revoking the suspended sentence because the defendant was never given a written statement specifically setting forth the conditions of his probation as provided in Ark. Stat. Ann. § 41-1203(4) (Repl. 1977). He argues that in *Ross* v. *State,* 268 Ark. 189, 594 S.W.2d 852 (1980) and *Neely* v. *State,* 7 Ark. App. 238, 647 S.W.2d 473 (1983) it was declared that the failure to furnish such a list of conditions mandates reversal. The record reflects that the appellant at no time raised this issue by pointing out to the trial court that he had not been furnished a written statement of his suspension or objected to the revocation hearing on that ground. This court will not consider issues raised for the first time on appeal. *Brown* v. *State,* 5 Ark. App. 181, 636 S.W.2d 286 (1982).

The appellant argues that the defect was jurisdictional and therefore could be raised at any time. Certainly this is the rule our court has adopted where the trial court is wholly without jurisdiction to try the issues presented. *Head* v. *Caddo Hills School District,* 277 Ark. 482, 644 S.W.2d 246 (1982); *State* v. *Glenn & Hamilton,* 267 Ark. 501, 592 S.W.2d 116 (1980). We cannot conclude that the doctrine is applicable here.

Unquestionably the circuit court has jurisdiction to try cases involving the crime of theft by deception and to appropriately sentence those found guilty of that offense. Nor can it be questioned that the circuit court in such cases has jurisdictional power to suspend imposition of sentence and to subsequently revoke the suspension. The circuit court clearly had jurisdiction of the subject matter of the revocation hearing and no one questioned that it had jurisdiction of the person of this appellant. The statutory requirement that the court furnish the appellant with a list of the conditions of his suspension is only a procedural matter, which if not complied with constitutes reversible error, but in no wise ousts the jurisdiction of the court. Like all other procedural errors for which reversal on appeal might be based it may be waived by failure to assert it. *Hawkins* v. *State,* 270 Ark. 1016, 607 S.W.2d 400 (Ark. App. 1980). Our court has consistently held that failure to object at the proper time waives rights otherwise afforded to a

criminal defendant. *Hawkins* v. *State,* supra.

Affirmed.

COOPER and CLONINGER, JJ., agree.