Donald Ray REESE *v.* STATE of Arkansas

CA CR 88-43                                        759 S.W.2d 576

Court of Appeals of Arkansas
Division II
Opinion delivered November 9, 1988

*James R. Marschewski*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor Gen., for appellee.

JOHN E. JENNINGS, Judge. Donald Ray Reese pled guilty to theft of property on January 13, 1984. The court suspended imposition of sentence for a period of 5 years, conditioned upon good behavior and the payment of a $500.00 fine and $4,000.00 in restitution, payable at the rate of $100.00 per month.

On August 5, 1987, the court conducted a hearing on the State's petition to revoke appellant's suspended sentence, the fourth such petition filed since the date of the plea. At that hearing the State offered into evidence, without objection, the appellant's payment record, and the appellant then testified. The trial court found an inexcusable violation of the condition

requiring appellant to make monthly payments toward the restitution and fine, revoked his suspended sentence, and sentenced him to 17 months in the Department of Correction. On appeal, it is argued that the trial court's judgment was against the preponderance of the evidence. We find no error and affirm.

Arkansas Statutes Annotated § 41-1208 (Repl. 1977) (now Ark. Code Ann.§ 5-4-309 (1987)) provides that if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with the conditions of his suspension, it may revoke that suspension. In a revocation proceeding the State must prove its case by a preponderance of the evidence. *Smith* v. *State*, 9 Ark. App. 55, 652 S.W.2d 641 (1983). On appeal we do not reverse the trial court's decision to revoke unless it is clearly against the preponderance of the evidence. *Brewer* v. *State*, 274 Ark. 38, 621 S.W.2d 698 (1981). In testing the sufficiency of the evidence, we view the evidence in the light most favorable to the State. *Phillips* v. *State*, 17 Ark. App. 86, 703 S.W.2d 471 (1986).

Preliminarily, appellant argues that the State has, in effect, shifted the burden of proof to the appellant by merely introducing the record of non-payment, and resting. We agree that where the alleged violation of the conditions of suspension or probation is a failure to make payments as ordered, the State has the burden of proving by a preponderance of the evidence that the failure to pay was inexcusable. *See Cavin* v. *State*, 11 Ark. App. 294, 669 S.W.2d 508 (1984). The burden of proof does not shift. However, once the State has introduced evidence of non-payment, the burden of going forward does shift to the defendant to offer some reasonable excuse for his failure to pay. *See Brown* v. *State*, 10 Ark. App. 387, 664 S.W.2d 507 (1984). To hold otherwise would place a burden upon the State which it could never meet—it would require the State, as part of its case in chief, to negate any possible excuses for non-payment.

The evidence offered by the State at the August hearing showed that appellant had paid a total of $200.00 during 1986 and a total of $100.00 in 1987. The record reflects that appellant was hospitalized for several days for depression in late February, 1986. Appellant testified that he was employed by a trucking company in Batesville and that he anticipated that he would make

$26,000.00 during the next year. He had been employed as a trainee for the trucking company during 1986 and had made approximately $6,000.00. He testified that during the six months immediately preceding the hearing, he had been working 40 hours per week for the company and was making $3.35 an hour. He testified that his employer was confused as to where to send his restitution payments. He said that he had sent his sister an additional $200.00, but that she had failed to pay this toward his restitution. Appellant has a wife and two small children. He testified that the truck driving school he attended in 1986 had been more expensive than he anticipated. The primary reason he gave for paying only $200.00 in 1986 was that he was confused about his sentence. The primary reason he gave for his failure to pay in 1987 was that he had medical bills to pay, although he offered no testimony as to the amount of his bills or the amount of his payments.

■ On this evidence we think the trial court was justified in determining that appellant had not been making a reasonable effort to comply with the conditions of his suspended sentence. The trial court's finding of an inexcusable failure to pay is not clearly against the preponderance of the evidence.

Affirmed.

CRACRAFT and COULSON, JJ., agree.