
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–13–118

| | |
|---|---|
| VILAYCHANH PHENGTHAVY<br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** December 11, 2013<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH AND GREENWOOD DISTRICTS [NOS. CR-2007-302, CR-2007-303, CR-2007-304, CR-2007-943(b), G-CR-2011-37]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

Appellant Vilaychanh Phengthavy's suspended sentences for various drug-related convictions were revoked in an order entered on December 19, 2012, and he was sentenced to 124 years in prison with 94 years suspended. His sentences were revoked because he committed the offense of delivery of methamphetamine, a violation of the terms and conditions of his suspended sentences. On appeal, he contends that there is insufficient evidence to support the revocation and that the State's failure to notify him that his violation was based on accomplice liability was fundamentally unfair. We affirm the circuit court's order revoking appellant's suspended sentence.

The Fort Smith Police Department set up a controlled buy using a confidential informant on September 24, 2012. The informant was wearing a video- and audio-recording device. The informant had been given $100 in twenty-dollar bills whose serial numbers had

been recorded. The informant met a female, Mickayla Akins, in a Walmart parking lot. Ms. Akins was in a two-door white Chevrolet truck being driven by appellant. The informant got in the front seat of the truck next to Ms. Akins, and appellant drove the truck around the parking lot while Ms. Akins sold methamphetamine to the informant in exchange for the $100. After the informant got out of the truck and gave the methamphetamine to the police, the police told the detectives keeping surveillance on the truck to initiate a stop of the vehicle.

Officers stopped appellant's truck several minutes later and discovered all of the bills that had been given to the informant to purchase the methamphetamine in the possession of Ms. Akins and appellant; two of the twenty-dollar bills were in appellant's wallet. The substance sold to the confidential informant was determined by the Arkansas State Crime Lab to be .691 grams of methamphetamine and dimenthyl sulfone, a cutting agent.

At the close of the evidence, appellant argued that the evidence failed to show that he committed the offense of delivery of methamphetamine, as charged in the petition for revocation. He contended that the State did not allege that he committed the offense of conspiracy or accessory to delivery of methamphetamine. The circuit court pronounced from the bench that the video of the transaction clearly captured the transaction in the truck that appellant was driving. "I am persuaded that [appellant] knew what was going on." The court found "no doubt" that appellant was an accomplice and that, because he was an accomplice, he was "in the transaction to the same extent as Ms. Akin." The court entered a judgment and commitment order sentencing him to 124 years in the Arkansas Department of Correction

2

 

with 94 years suspended.

Our standard of review in revocation cases is well settled. Because the burden of proof in a revocation proceeding is less than that required to convict in a criminal trial, evidence that is insufficient for a conviction may be sufficient for a revocation. *Reyes v. State*, 2012 Ark. App. 358. When the sufficiency of the evidence is challenged on appeal, we will not reverse a trial court's decision to revoke unless its findings are clearly against the preponderance of the evidence. *Id*. Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the trial court to decide these matters. *Collier v. State*, 2013 Ark. App. 643, at 2–3.

For his first point on appeal, appellant argues that there was insufficient evidence to support the court's finding that he was an accomplice to the delivery of methamphetamine. Evidence that is insufficient for a criminal conviction may be sufficient to support a revocation. *Foster v. State*, 104 Ark. App. 108, 110, 289 S.W.3d 476, 477 (2008). When two persons assist one another in the commission of a crime, each is an accomplice of the other and criminally liable for the conduct of both. *Tillman v. State*, 364 Ark. 143, 150, 217 S.W.3d 773, 777 (2005). In this case, the drug transaction occurred in the cab of appellant's truck while appellant was driving. Appellant picked up the informant, drove around the Walmart parking lot for a few minutes, and then let the informant out of the truck. Moreover, when his truck was stopped a few minutes later, two of the twenty-dollar bills the informant used to pay for the methamphetamine were in appellant's wallet. The court found these facts persuasive that appellant was involved in the transaction and was an accomplice. We hold that

its findings are not clearly against the preponderance of the evidence.

In his second point on appeal, appellant contends that the State's failure to mention in the petition for revocation that the violation of his conditions was based on accomplice liability was fundamentally unfair. He argues that the State alleged he had committed the offense of delivery of methamphetamine, not that he was an accomplice to the offense. Our supreme court rejected a similar argument in *Holsombach v. State*, reasoning that an information is not defective if it sufficiently apprises the defendant of the specific crime with which he is charged to the extent necessary to enable him to prepare a defense, and that there is no distinction between principals and accomplices for purposes of establishing criminal liability. 368 Ark. 415, 431, 246 S.W.3d 871, 882 (2007) (rejecting argument that State was required to allege accomplice liability in criminal information to request an accomplice instruction at trial); *see also Polk v. State*, 82 Ark. App. 210, 215, 105 S.W.3d 797, 800 (2003) (holding that State was not required to allege an accomplice theory in defendant's indictment in order to proceed with the theory at trial). The petition informed appellant that it was based in part on his commission of the offense of delivery of methamphetamine on September 24, 2012. Appellant was in his truck when the alleged offense was committed. This was sufficient notice to enable him to prepare a defense.

We affirm the revocation.

GLADWIN, C.J., and WALMSLEY, J., agree.

*The Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.