SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-13-211

ROBERT LEE FELLOWS

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered February 12, 2014

APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NOS. CR-2009-143-1; CR-2009-171-1; CR-2009-172-1; CR-2011-17-2; CR-2012-8-1]

HONORABLE WM. RANDAL WRIGHT, JUDGE

AFFIRMED

## JOHN MAUZY PITTMAN, Judge

Robert Lee Fellows appeals from the revocation of multiple probations, which resulted in a sentence of fifty years' imprisonment. He contends that the trial court clearly erred in finding that he violated the conditions of his probations. We affirm.

Appellant's conditions of probation required him to refrain from committing any crime punishable by imprisonment. The record shows that, while on probation, appellant was in possession of many high-grade speakers that had been stolen from a semi-trailer kept in the Klipsch Speaker factory yard. He pawned some of these speakers, appearing at the point of sale in a small red truck like the one seen on security cameras near the trailer around the time of the theft, explaining to the pawnshop owner that the speakers were part of the equipment of a failed music club that he was liquidating. Other speakers were sold to a hardware store owner, John Odom. Investigator Heath Ross of the Hempstead County Sheriff's Department

testified that appellant told him that he found all of the speakers under a tree behind the handle mill and that there were more speakers still under the tree. Investigator Ross went to the tree behind the handle mill and found no speakers.

Appellant raises two sufficiency arguments on appeal: (1) that the trial judge erred by refusing to dismiss the petition to revoke on the ground that there was no evidence to show that appellant was knowingly in possession of stolen property; and (2) that there was no evidence to show that appellant was financially able to pay the unpaid fines and fees. Because the trial court expressly stated that he would probably not have revoked appellant's probations if he had simply failed to pay fines and fees, and because a single violation is sufficient to support a revocation, we need only address the first issue.

In order to revoke a probation or suspension, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of that probation or suspension. *Holmes v. State*, 2012 Ark. App. 451. The State bears the burden of proof but need only prove that the defendant committed one violation of the conditions. *Id.* Because the burden of proof in a revocation proceeding is less than that required to convict in a criminal trial, evidence that is insufficient for a conviction may be sufficient for a revocation. *Phengthavy v. State*, 2013 Ark. App. 732. We do not reverse a circuit court's findings on appeal unless they are clearly against the preponderance of the evidence. *Id.*

A person commits the offense of theft by receiving if he receives, retains, or disposes of stolen property of another person knowing that the property was stolen or having good reason to believe the property was stolen. Ark. Code Ann. § 5-36-106(a) (Supp. 2013). The

unexplained possession or control of stolen property gives rise to a presumption that a person knows or believes that the property was stolen. Ark. Code Ann. § 5–36–106(c)(1) (Supp. 2013); *see Turner v. State*, 2012 Ark. App. 150, 391 S.W.3d 358 (possession of stolen property not satisfactorily explained to the trier of fact is sufficient to sustain a conviction of theft by receiving).

The existence of criminal intent or purpose—here, knowledge or belief that the speakers were stolen—is a question for the fact-finder when the evidence shows facts from which it may be reasonably inferred. *Atkins v. State*, 63 Ark. App. 203, 979 S.W.2d 903 (1998). Furthermore, a fact-finder may consider and give weight to any false, improbable, and contradictory statements made by an accused in an effort to explain suspicious circumstances. *Walker v. State*, 313 Ark. 478, 855 S.W.2d 932 (1993). Here, the trial court clearly found appellant's explanation to Investigator Ross to be unsatisfactory and improbable, saying that the credible evidence put appellant at

> the scene of at least violating the law, selling stolen property, no question. I mean, to consider any other scenario of reasonableness, the court would have to consider that there is a speaker fairy that comes down and dumps speakers upon the lands of Hempstead County so we could take them and sell them. That's just not—you know that's not plausible, that's not even happening, that could not happen.

On this record, we cannot say that the trial court clearly erred in finding that appellant knew or believed that the speakers were stolen.

Affirmed.

WALMSLEY and HIXSON, JJ., agree.
*Anthony S. Biddle*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.