SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–14–446

| | |
|---|---|
| | Opinion Delivered December 3, 2014 |
| SAMMIE WAYNE HUTCHINSON | APPEAL FROM THE CRAWFORD |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. 17CR-00-8] |
| V. | |
| | HONORABLE GARY COTTRELL, |
| STATE OF ARKANSAS | JUDGE |
| APPELLEE | |
| | AFFIRMED |

## BRANDON J. HARRISON, Judge

Sammie Hutchinson appeals the Crawford County Circuit Court's finding that he violated the conditions of his suspended sentence. He argues that the State failed to prove that his failure to pay restitution was willful. We affirm.

In May 2001, Hutchinson pled no contest to an arson charge and was sentenced to twenty years' imprisonment with thirteen years suspended. He was also ordered to pay $52,782.12 in restitution at the rate of $100 per month upon his release from the Arkansas Department of Correction. In June 2004, the State filed a petition to revoke Hutchinson's suspended sentence based upon his failure to make restitution payments as ordered. An agreed order was entered in November 2004 that amended the petition to revoke to a petition for contempt and ordered Hutchinson to pay $150 per month toward his restitution.

SLIP OPINION

In August 2012, the State filed another petition to revoke alleging nonpayment of restitution. The court held a hearing in February 2014, at which Janice Gilbreth, an employee of the Crawford County Prosecuting Attorney's Office who maintains records for payment ledgers, testified that Hutchinson began making payments in May 2002, but the last payment from him was received on June 3, 2011. She explained that Hutchinson made "somewhat" regular payments in 2010, but there were missed payments in January, March, April, July, and September. She also testified to "pretty regular" payments in 2009. She stated that Hutchinson still owes $43,498.12 in restitution. On cross-examination, Gilbreth acknowledged that Hutchinson made some full and some partial payments from 2002 to 2008, and she agreed that, despite some missed payments, Hutchinson seemed to be "pretty close" to making consistent $150 payments.

Hutchinson testified that he was currently living with his mother in Spiro, Oklahoma. He said that he was released on parole in May 2002 and began making restitution payments shortly after that. He explained that, since 2010, he has suffered from certain medical conditions—namely, aneurysms in his head and vascular neurosis in his hip, which render him unable to work. He acknowledged, however, that he filed for disability in Iowa "around the end of 2010, first of 2011" and was denied. He introduced a letter dated February 6, 2014, from Linda Hoffman, an APRN in Oklahoma, stating that he was "unable to work until medical issues are resolved." He testified that he had not attempted to get a loan to pay off his restitution because he has no credit. He also stated that he was currently seeking social-security-disability benefits, but it would be six to eighteen months before that was resolved. Finally, he testified that he sold some real

property in 2013 for $42,500 but that after paying medical bills, taxes, and liens, he only had "[$]10 or 11,000" to go toward restitution, and $6,000 of that went toward moving expenses.

On cross-examination, Hutchinson acknowledged that he had missed payments in 2008 and 2009, before any medical problems arose. He also acknowledged that he had been cleared to return to full-time light-duty work in November 2011. He admitted that he started using THC and methamphetamine after his medical problems arose and that he reported this addiction to his physicians. He also claimed that there was a missing form from the Mayo Clinic that stated that he was permanently disabled.

In its oral ruling, the court found it surprising that Hutchinson's physicians had not noted any malingering and opined that Hutchinson had "quit trying" after his diagnosis of aneurysms in 2010. The court also expressed concern over Hutchinson's methamphetamine use and stated that he "had $11,000 remaining in [his] pocket after [he] sold [his] house, and none of it went to this restitution. That's really disturbing. But you chose to use it, $6,000, to go to New Mexico, and the other five was unexplained." The court found that Hutchinson had willfully violated the terms and conditions of his suspended sentence and sentenced him to 30 months' imprisonment and 126 months' suspended imposition of sentence. This appeal followed.

A suspended sentence may be revoked when a circuit court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of suspension. *Jackson v. State*, 2011 Ark. App. 125. Where the alleged violation is a failure to make payments as ordered, it is the State's burden to prove that the

SLIP OPINION

failure to pay was inexcusable; once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay. *Reese v. State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988). Factors to be considered in determining whether to revoke a probation or suspension for failure to pay include the defendant's employment status, earning ability, and financial resources; the willfulness of the defendant's failure to pay; and other special circumstances. Ark. Code Ann. § 5-4-205(f)(3) (Supp. 2011). We will not reverse a revocation unless the decision is clearly against the preponderance of the evidence. *Fellows v. State*, 2014 Ark. App. 85.

On appeal, Hutchinson argues that his failure to pay was not willful, so the court erred in revoking his suspended sentence. He contends that he offered "ample evidence" as to why he failed to make restitution payments and that the State never refuted his testimony. He also asserts that the State failed to present (1) any evidence that his efforts to pay were not in good faith and (2) evidence of his ability to pay, current earnings, employment, property (other than real property), or resources. Thus, he argues, the State failed to meet its burden, and the revocation should be reversed.

We agree with the State's basic contention that the record contains sufficient evidence to support the court's decision that Hutchinson inexcusably failed to comply with a condition of suspension. There was sufficient testimony as to Hutchinson's ability to pay, current earnings, and employment, and the circuit court exercised its role as the finder of fact and made a determination of credibility with regard to his explanation for nonpayment. The court's decision to revoke is therefore affirmed.

Affirmed.
HIXSON and WOOD, JJ., agree.

4

*Lisa-Marie Norris*, for appellant.
*Dustin McDaniel*, Att'y Gen., by:  *Rachel Kemp*, Ass't Att'y Gen., for appellee.