Cite as 2019 Ark. App. 454

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–19–240

| | |
|---|---|
| GARY WEBSTER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** October 16, 2019<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NOS. 16JCR-17-796; 16JCR-17-7; 16JCR-10-377; 16JCR-09-1262]<br><br>HONORABLE PAMELA HONEYCUTT, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Gary Webster appeals the Craighead County Circuit Court's finding that he violated the conditions of his suspended imposition of sentence (SIS) and probation. On appeal, he argues that the State failed to prove that his failure to comply with the conditions was willful. We affirm.

In CR–09-1262, Webster was charged with failure to register as a sex offender. In CR–10-377, Webster was again charged with failure to register and with living near a school or a daycare. In November 2012, he pled guilty in both cases and received a sentence of five years' SIS on each count. In CR–17-7, Webster was once again charged with failure to register. He pled guilty and was sentenced to six years' SIS. And finally, in CR–17-796, Webster was charged yet again with failure to register.

In July 2017, the State petitioned to revoke Webster's probation in CR-09-1262, CR-10-377, and CR-17-7 because he had failed to live a law-abiding life, which had resulted in his arrest in CR-17-796, and because he had failed to pay court costs as ordered. He pled guilty to the charge in CR-17-796 and to the petition to revoke in the other cases. In CR-17-796, he was sentenced to five years' probation; in each of the other cases, he was sentenced to five years' SIS.

In July 2018, the State petitioned to revoke Webster's probation and SIS based on his failure to live a law-abiding life, pay court costs, and report to his probation officer. Webster had again been charged with failure to register (CR-18-506). In September 2018, the State amended its petition to include a failure to report a change of address and living within 2000 feet of a youth center or daycare facility.

The circuit court convened a revocation hearing on 7 September 2018. Natasha Kaja, a sex-offender-registration specialist at the Jonesboro Police Department, testified that Webster is a Level 3 sex offender and that he had last verified his information with her on April 13. On that day, Webster said he was living at Econo Lodge on Phillips Drive. Kaja reminded him that he could not live within 2000 feet of a school, park, daycare, or youth center, which meant he could stay only at the hotels closest to Phillips Drive and Caraway Road in Jonesboro. Kaja next saw Webster on April 26, when he advised her that he was moving to West Memphis, although he did not have a new address. He again said he had been staying at Econo Lodge, but when Kaja presented proof that he had not been living there, he admitted that he had been staying at Park Place Inn and at Rodeway Inn, which are both within 2000 feet of a daycare. Kaja said that Webster was arrested that day for

2

failure to comply with reporting. He called her on April 30, the day he was released, and said he would be staying at Days Inn, but she advised him that he could not stay there because it was within 2000 feet of a daycare. He then said he would return to Econo Lodge, and that was the last contact Kaja had with him.

Officer Ethan Sanderlin testified that on 22 April 2018, he responded to a welfare check at Rodeway Inn on Caraway Road and spoke to Webster. Webster told Sanderlin that "his time had run out at the Econo Lodge and that he was looking for a new place to live." Webster did not have a room at Rodeway Inn at that time.

Officer Adam Hampton testified that he spoke with Webster on April 24 at Park Place Inn. Webster said that he had been living at Econo Lodge but had recently been evicted. Hampton asked if he had contacted Kaja, and Webster said he had not.

Robert Holt, the Days Inn manager, testified that Webster had stayed at the hotel on April 28–30, May 11–17, and June 18–21. Webster used a credit card to reserve his room for each stay. Micki Patel, the Econo Lodge manager, testified that Webster had stayed there April 13–21 and April 30–May 2.

Tammy Hubble, the staff accountant for the Craighead County Sheriff's Department, testified that Webster had not made payments on any of his cases and that he owed court costs in CR-09-1262 and CR-10-377 in the amount of $512.

Cameron Sailor, Webster's probation officer, testified that Webster is required to meet with him once a month but had failed to do so. Sailor said he met with Webster only two times, April 10 and April 16. Webster failed to report on May 1. Webster is also required to report within twenty-four hours if he has been incarcerated and released; Sailor's

records showed that Webster was arrested on April 26 and released on April 28, arrested on May 2 and released on May 9, and arrested on May 11. Webster did not report on April 29 or May 10. Sailor confirmed that Webster was in jail on his report dates in June, July, August, and September.

Detective Bill Brown testified that he was familiar with Webster and that Webster had allegedly been living at Days Inn on or around June 18. Brown said that Arkids Pediatric Day Center is located approximately 878 feet from Days Inn.

Webster testified that he is sixty-seven years old and that he has been on disability since 1988. His disability and Social Security benefits total $770 a month. He explained that he left Econo Lodge on April 21 because "they started gouging me for rent." He said he had $5100 in money orders and that "a man" had seen them. He was confused about the dates of his arrests, and he denied being told to report to his probation officer. He also said his probation officer threatened him by telling him that staying at Econo Lodge was a "terrible idea." He claimed that he had been paying his court costs from 2009 and 2010. On cross-examination, he explained that the $5100, which he put in the bank, was Social Security back pay.

Finally, Casey Gibson, a deputy at the Craighead County Detention Center, confirmed that Webster had been detained April 26–28, May 2–9, May 20–June 18, and July 6–present.

The circuit court found that Webster had failed to report to his probation officer after his release from jail and had not paid costs as ordered. The court revoked Webster's probation in CR-17-796 and his SIS in CR-09-1262, CR-10-377, and CR-17-7. He was

4

sentenced to ten years' imprisonment in each case, to run concurrently, and has now timely appealed.

A suspended sentence may be revoked when a circuit court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of suspension. *Jackson v. State*, 2011 Ark. App. 125. When the alleged violation is a failure to make payments as ordered, it is the State's burden to prove that the failure to pay was inexcusable; once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay. *Reese v. State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988). Factors to be considered in determining whether to revoke a probation or suspension for failure to pay include the defendant's employment status, earning ability, and financial resources; the willfulness of the defendant's failure to pay; and other special circumstances. Ark. Code Ann. § 5-4-205(f)(3) (Supp. 2017). We will not reverse a revocation unless the decision is clearly against the preponderance of the evidence. *Fellows v. State*, 2014 Ark. App. 85.

On appeal, Webster argues that the State failed to prove that his failure to report or to pay costs was willful. He asserts that he "tried to comply but due to his financial situation was unable to do so." Thus, he argues, the State failed to meet its burden, and the revocation should be reversed.

In response, the State argues that the record supports the circuit court's finding that Webster willfully failed to pay costs as ordered, considering he was receiving $770 a month in disability and had $5100 in the bank but had not made any payments. Likewise, the record supports the circuit court's finding that Webster failed to report to his probation

5

officer as required; the terms and conditions offered into evidence stated, "If arrested or questioned by a law enforcement officer, you will notify your supervising officer within 24 hours." Sailor testified that Webster did not comply with this requirement. Considering this evidence, the State contends that the circuit court's decision was not clearly against the preponderance of the evidence.

We affirm the circuit court's revocation. The court exercised its role as the finder of fact and made a credibility determination regarding Webster's explanations for nonpayment and failure to report. The court's decision to revoke was not clearly against the preponderance of the evidence.

Affirmed.

Gruber, C.J., and Murphy, J., agree.

Terry Goodwin Jones, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.