Cite as 2021 Ark. App. 461

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-21-109

| | | |
|---|---|---|
| | | **Opinion Delivered** November 17, 2021 |
| RONNIE NIXON | | |
| | APPELLANT | APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT [NO. 56CR-18-419] |
| V. | | |
| | | HONORABLE BARBARA HALSEY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Ronnie Nixon appeals the Poinsett County Circuit Court's order revoking his probation. We affirm.

On March 28, 2019, Nixon, pled guilty to one count of breaking or entering and was sentenced to forty-eight months' probation. In October 2019, the State filed a revocation petition and then an amended revocation petition alleging that Nixon had failed to comply with the terms and conditions of his probation. The court found against Nixon, and on February 10, 2020, he was sentenced to twenty days in jail, and his probation was extended for another four years.

A second petition to revoke probation was filed on June 30, 2020, which alleged failure to report, failure to provide address, violation of criminal laws, and failure to pay fines and fees as well as other violations of conditions. This petition was ultimately dismissed on August

18, 2020, but only after Nixon was ordered to serve another twenty days in jail and was placed back on probation.

On October 29, 2020, the State filed another petition for revocation alleging that there were further violations. Specifically, the State alleged that Nixon had failed to report to his probation officer on several occasions; had engaged in unauthorized travel; owed over $1,000 in court-ordered fees; and had committed new offenses on June 22, 2020, including possession of methamphetamine, fleeing, and battery in the second degree. A revocation hearing followed on November 10.

At the hearing, the State presented evidence supporting its allegations; Nixon presented no evidence in his defense. During closing arguments, Nixon requested that the circuit court consider the jail time he had already served and requested leniency in order for him to comply with his probation. After finding that the evidence presented at the hearing supported revocation of his probation, the circuit court noted that in some circumstances, violations can be excused but that Nixon's dangerous conduct could not be excused in this case. The court sentenced Nixon to six years' imprisonment with credit for time served. At the hearing, Nixon never objected or requested that the circuit court provide him a written statement supporting its decision. This appeal followed.

On appeal, Nixon challenges only the court's failure to provide written findings supporting the revocation. Arkansas Code Annotated section 16-93-307(b)(5) (Repl. 2016) states that if suspension or probation is revoked, the court shall prepare and furnish to the defendant a written statement of the evidence relied on and the reasons for revoking

suspension or probation. Nixon contends that we should reverse the circuit court's revocation of his probation because the court did not provide him with written findings as required.

Before we address the merits of Nixon's argument, we must evaluate the State's contention that the argument is not preserved for our review. The parties agree that Nixon did not object or request written findings and that he is raising this issue for the first time on appeal. The question presented is whether he had to do so in order to preserve his challenge regarding the court's failure to issue such findings.

It is well settled that this court will not consider arguments raised for the first time on appeal. *Olson v. Olson*, 2014 Ark. 537, at 7, 453 S.W.3d 128, 132. In 2012, in *Love v. State*, we held that Love's challenge to the circuit court's failure to provide written findings supporting the revocation of his probation was not preserved for appeal because he failed to raise it below. *Love*, 2012 Ark. App. 600, at 4. Then, in 2014, the Arkansas Supreme Court decided *Olson* in which it explained,

> Unless a party has no opportunity to object to a ruling of the circuit court, an objection must be made at the time of the ruling, and the objecting party must make known to the court the action desired and the grounds of the objection. Thus, in order for this procedural bar to apply, a party must have had the opportunity to voice an objection to the challenged ruling.

*Olson*, 2014 Ark. 537, at 7, 453 S.W.3d at 133 (internal citations omitted). In *Olson*, which was a divorce case, the Arkansas Supreme Court stated that that "[w]here a party has no notice or an opportunity to object to a circuit court's ruling, a posttrial motion is not necessary to preserve the point for appellate review." *Id.* (citing *Ark. Dep't of Hum. Servs. v. Briley*, 366 Ark. 496, 237 S.W.3d 7 (2006)).

Nixon now argues that because he had no way to know that the court would fail to provide the required findings when it issued its order, he had no opportunity to object to the lack of findings, and that pursuant to *Olson*, he was not required to file a posttrial motion in order to preserve the issue. Nixon acknowledges our precedent in *Love* but claims that *Olson* overruled *Love*.

However, we have squarely addressed and rejected such an argument in *Massey v. State*, 2015 Ark. App. 240, at 3. In *Massey*, the appellant challenged the circuit court's lack of written findings supporting its revocation order and urged this court to overturn *Love* because it violates *Olson*. We rejected that argument, explaining that, even prior to *Olson*, the supreme court required appellants to adequately preserve any challenge to the court's failure to provide written findings supporting revocation. *Id.* (citing *Brandon v. State*, 300 Ark. 32, 776 S.W.2d 345 (1989)). *Id.* The *Massey* court reasoned that *Olson* did not overrule *Brandon* and did not make new law because the language used in *Olson* reflects one of the four previously recognized exceptions to the general rule requiring preservation, which were outlined in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980) (the second *Wicks* exception applies "when defense counsel has no knowledge of the error and hence no opportunity to object"). *Massey*, 2015 Ark. App. 240, at 4.

Because the *Wicks* exception predated *Olson* and was the backdrop for the Arkansas Supreme Court's decision in *Brandon*, the *Olson* court's reference to one of the *Wicks* exceptions did not overrule *Brandon* or create a new standard. The *Massey* court also noted that the Arkansas Supreme Court has chosen not to overrule *Brandon* and that this court therefore lacks any authority to do so. Under both *Brandon* and *Massey*, Nixon was not excused from the

generally applicable requirement that he preserve his challenge regarding the lack of written findings supporting revocation, and his failure to do so prevents us from reaching the merits of his appeal.

Nixon further attempts to circumvent the preservation requirement by arguing that the court's failure to provide written findings stripped the circuit court of jurisdiction to revoke his probation. This argument lacks merit. In *Cavin v. State*, 11 Ark. App. 294, 298, 669 S.W.2d 508, 511 (1984), the appellant attempted to raise for the first time on appeal a challenge to the circuit court's failure to provide him with a written list of the conditions of his suspended imposition of sentence, arguing that the defect was jurisdictional and therefore could be raised at any time. *Id.* We held that the court's error, though potentially grounds for reversal had it been properly preserved, was procedural rather than jurisdictional in nature and therefore could not be raised for the first time on appeal. *Id.*

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

5