Cite as 2021 Ark. App. 491

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR-21-225

| | |
|---|---|
| DAVID VEASLEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** December 8, 2021<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JCR-18-670]<br><br>HONORABLE CHRIS THYER, JUDGE<br><br>AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

David Veasley appeals the Craighead County Circuit Court's revocation of his suspended impositions of sentence (SIS) in five criminal cases.[1] In a revocation petition filed on September 22, 2020, the State alleged Veasley had violated the terms of his suspended

---

[1]On March 31, 2015, Veasley entered a plea of guilty to possession of a controlled substance (methamphetamine) with purpose to deliver in case No. CR-15-299 and was sentenced to five years in prison followed by a five-year SIS. On September 20, 2016, he entered a plea of guilty in case No. CR-16-542 to possession of a controlled substance (methamphetamine) with purpose to deliver, for which he was sentenced to thirty months in prison followed by a five-year SIS. He entered a second plea of guilty on September 20, 2016, in case No. CR-16-873 to being in possession of a controlled substance (methamphetamine), for which the circuit court entered a five-year SIS. On January 22, 2019, he entered pleas of guilty in case Nos. CR-18-251, possession of a controlled substance (methamphetamine) with purpose to deliver, and CR-18-670, possession of a controlled substance (methamphetamine) and felon in possession of a firearm. Veasley was sentenced to ten years in prison in case No. CR-18-251 followed by a ten-year SIS. In case No. CR-18-670, he was sentenced to three years in prison followed by a five-year SIS on each count.

sentences by failing to lead a law-abiding life, possessing illegal drugs, and failing to pay fines and court costs as directed. After a hearing, the circuit court revoked all of Veasley's suspended sentences, finding that he had failed to lead a law-abiding life and had failed to pay his fines and costs.[2] On appeal, he argues that the circuit court erred in revoking his suspended sentences because the State did not present sufficient evidence that he failed to lead a law-abiding life or that his nonpayment of fines and costs was willful. We affirm.

A suspended sentence may be revoked when the circuit court finds by a preponderance of the evidence that the defendant has inexcusably violated a condition of the suspension. *Joseph v. State*, 2019 Ark. App. 276, 577 S.W.3d 55. When multiple violations are alleged, a circuit court's revocation will be affirmed if the evidence is sufficient to establish that the appellant violated any one condition of the suspension. *Daniels v. State*, 2019 Ark. App. 473, 588 S.W.3d 116. A circuit court's revocation of a suspension will be affirmed on appeal unless the decision is clearly against the preponderance of the evidence. *Id*. This court defers to the circuit court's determinations regarding witness credibility and the weight to be accorded testimony. *Id*.

When the alleged violation is a failure to make payments as ordered, it is the State's burden to prove that the failure to pay was inexcusable; once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay. *Webster v. State*, 2019 Ark. App. 454, 588 S.W.3d 95. Factors to be considered in determining whether to revoke a probation or suspension for

---

[2]Although the failure-to-live-a-law-abiding-life violation concerned possessing illegal drugs, the circuit court did not specifically revoke on that basis.

2

failure to pay include the defendant's employment status, earning ability, and financial resources as well as the willfulness of the failure to pay and any other special circumstances. Ark. Code Ann. § 5-4-205(f)(3) (Supp. 2021).

The State introduced, without objection, printouts from the system at the Craighead County Sheriff's Department system that tracks payments of fines and costs regarding the five cases at issue in the revocation hearing. In case No. CR-15-299, the payment-plan exhibit indicated that Veasley was assessed $295 in costs and fees, but no payments had been made; due to nonpayment, the balance now totaled $735. In case Nos. CR-16-542 and CR-16-873, the total amount assessed was $590; Veasley had made one payment of $50 in March 2018; and $90 of nonpayment fees had been incurred, resulting in a current balance of $630. In case Nos. CR-18-251 and CR-18-670, the total amount assessed was $590, with no payments having been made; no further fees had been assessed in those cases.

Veasley testified that he went to prison in January 2019 and was paroled from prison in March of 2020—approximately ten months before the revocation hearing—and that he had not found a job since his release. He admitted that he had incurred the fines and costs in the 2015 and 2016 cases prior to going to prison, and he admitted that the reason he had gone to prison was for possession of methamphetamine that he had been selling. Veasley explained that he worked in Hot Springs Village while he was in prison, and by the time he was paroled, he had enough money to pay for an apartment and had $600 left over.

In revoking Veasley's suspended sentences on the basis of nonpayment, the circuit court stated that while it believed Veasley did not have enough money to pay off his fines and costs, he had testified that he had a job in prison, and when he got out of prison, he

3

had enough money to rent an apartment with $600 remaining. The court stated that while it did not expect Veasley to take his last $600 and put all of it toward his fines and costs, it did expect him to use at least some of that money to pay toward those obligations to show that he was making an effort "to do right"; because he failed to do that, the circuit court found Veasley had willfully violated the payment provisions of his suspended sentences. The circuit court's determination that Veasley's nonpayment of the costs and fees in his cases was not clearly erroneous. Veasley had worked while in prison and had money from that job when he left prison, yet he had made no attempt to make any payment on his fines and costs.

Because we affirm the revocation of Veasley's suspended sentences on the basis of his willful failure to pay costs and fees, it is unnecessary to address his argument concerning his failure to lead a law-abiding life, as the State is only required to prove one violation to sustain the revocation.

Affirmed.

GRUBER and MURPHY, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

4