Cite as 2022 Ark. App. 218

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-21-352

|  |  |
|---|---|
| STEVEN STUEBINGER<br><br>                    APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>                    APPELLEE | **Opinion Delivered**  May 11, 2022<br><br>APPEAL FROM THE MARION COUNTY CIRCUIT COURT [NO. 45CR-17-112]<br><br>HONORABLE JOHN R. PUTMAN, JUDGE<br><br>REVERSED |

## LARRY D. VAUGHT, Judge

Steven Stuebinger appeals the Marion County Circuit Court's revocation of his probation. Because the court failed to hold a revocation hearing as required by Arkansas Code Annotated section 16-93-307(b)(1) (Repl. 2016), we reverse.

In a separate case, No. CR-2015-28, which is addressed in *Stuebinger v. State*, 2022 Ark. App. 217, Stuebinger was convicted of delivery of methamphetamine and aggravated assault and sentenced to six years' probation. In the case at issue in this appeal, No. CR-2017-112, Stuebinger was convicted of domestic battery in the third degree and sentenced to three years' probation.

The State filed virtually identical petitions to revoke Stuebinger's probation in both cases on August 20, 2020, in which it alleged that Stuebinger had committed the offense of failure to appear, had failed to report for his scheduled office visits, and had failed to provide a valid residential address. The State claimed that when confronted about the fact that his

parents stated he does not live at the address he had provided, Stuebinger became irritable and would not disclose his address. The State further claimed that since August 17, Stuebinger had failed to cooperate with his supervising officer and made himself unavailable for supervision. His whereabouts were unknown, and he owed unpaid fines and fees.

The circuit court's docket in both cases reflects that revocation hearings were scheduled for October 14 and November 5, but those hearings were canceled. The docket in this case, No. CR-2017-112, does not indicate that a new hearing date was set. A revocation hearing was held in case No. CR-2015-28 on May 19, 2021. At the outset of the hearing, the court repeatedly stated that the parties were only there to hear the petition in case No. CR-2015-28. At the end of that hearing, the court ruled that Stuebinger had violated the terms and conditions of his probation by failing to report for his scheduled office visits and failing to timely provide a valid residential address. The court sentenced Stuebinger to concurrent six-year sentences for the underlying offenses of delivery of methamphetamine and aggravated assault.

Despite no hearing having been scheduled or reflected on the docket in case No. CR-2017-112, an order was entered in that case on May 28, revoking Stuebinger's probation and sentencing him to seventy-two months' incarceration for the underlying offense of third-degree domestic battery. The order states that Stuebinger appeared in court on May 19, 2021.

On June 22, 2021, after the entry of the sentencing order, Stuebinger's trial counsel moved to withdraw in case No. CR-2017-112, stating that his probation had been revoked at the conclusion of the hearing on May 19. On June 23, his counsel filed an amended motion to withdraw, again indicating that his probation was revoked at the conclusion of a hearing on

2

May 19. On June 28, Stuebinger filed a notice of appeal in both cases in which he stated that he was appealing from the "conviction and sentence received . . . at the conclusion of the revocation hearing, held on May 19, 2021[.]" This timely appeal followed.

Stuebinger argues that it was reversible error for the court to revoke his probation in case No. CR-2017-112 without holding a hearing. The State does not contest the fact that no hearing was docketed or held in case No. CR-2017-112, but it argues that Stuebinger failed to raise this issue below, rendering it unpreserved for appellate review, and it notes that Stuebinger's counsel filed multiple documents in the circuit court stating that his probation had been revoked following a hearing in both cases.

Lack of preservation does not bar Stuebinger's appeal in this case because Stuebinger had no opportunity to raise an objection prior to the entry of the sentencing order. The Arkansas Supreme Court recently held that

> [u]nless a party has no opportunity to object to a ruling of the circuit court, an objection must be made at the time of the ruling, and the objecting party must make known to the court the action desired and the grounds of the objection. Thus, in order for this procedural bar to apply, a party must have had the opportunity to voice an objection to the challenged ruling.

*Olson v. Olson*, 2014 Ark. 537, at 7, 453 S.W.3d 128, 132–33. (internal citations omitted). The *Olson* court went on to explain that "[w]here a party has no notice or an opportunity to object to a circuit court's ruling, a posttrial motion is not necessary to preserve the point for appellate review." *Id.*; *see also Nixon v. State*, 2021 Ark. App. 461, at 3. Prior to the entry of the revocation order, Stuebinger had no notice that the court intended to revoke his probation in both cases and therefore no opportunity to object. Pursuant to *Olson*, he was not required to file a

3

postjudgment motion to preserve this issue, and his failure to raise an objection below does not bar us from addressing it on appeal.

We must reverse the revocation of Stuebinger's probation because Arkansas Code Annotated section 16-93-307(b)(1) (Repl. 2016) states that "[a] suspension or probation shall not be revoked except after a revocation hearing." Regardless of what Stuebinger's counsel may have erroneously stated in his motion to withdraw and notice of appeal, a revocation cannot occur without a hearing. The State does not dispute that the circuit court failed to docket a hearing in this case and that the court and the parties stated that the May 19 hearing concerned only the companion case, No. CR-2015-28, not this case at issue in this appeal. Accordingly, we must reverse.

Reversed.

BARRETT and BROWN, JJ., agree.

*The Law Office of Geoffrey D. Kearney, PLLC*, by: *Geoffrey D. Kearney*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.