Cite as 2022 Ark. App. 217

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-21-351

| | | |
|---|---|---|
| | | **Opinion Delivered** May 11, 2022 |
| STEVEN STUEBINGER | | |
| | APPELLANT | APPEAL FROM THE MARION COUNTY CIRCUIT COURT [NO. 45CR-15-28] |
| V. | | |
| | | HONORABLE JOHN R. PUTMAN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Steven Stuebinger appeals the Marion County Circuit Court's revocation of his probation in case No. CR-2015-28.[1] In 2015, Stuebinger was convicted of delivery of methamphetamine and aggravated assault. He was sentenced to a term of six years' probation.

On August 20, 2020, the State filed a petition to revoke Stuebinger's probation, alleging that on May 9, Stuebinger committed the offense of failure to appear, and on or about June 19, he committed a second offense of failure to appear. The State also alleged that Stuebinger had failed to report for his scheduled office visits and had failed to provide a valid residential address. The State claimed that, when confronted about the fact that his parents stated he does not live at the address he had provided, Stuebinger became irritable and would not disclose where he had been living. Further, the State alleged that, as of August 17, Stuebinger had failed

---

[1]Stuebinger has separately appealed the revocation of his probation in Case No. CR-2017-112. That appeal can be found at *Stuebinger v. State*, 2022 Ark. App. 218, ___ S.W.3d ___.

to cooperate with his supervising officer and had made himself unavailable for supervision. It also alleged that his whereabouts were unknown, and he owed unpaid fines and fees.

A revocation hearing was held on May 19, 2021. The only witness called by the State was Jacob May, Stuebinger's probation officer. May testified that Stuebinger has missed several meetings, failed to timely provide an updated address, and was behind on his financial obligations.

At the close of the hearing, Stuebinger's counsel moved to dismiss the petition. Stuebinger argued that the State had failed to prove that he violated the law as alleged in the petition. Specifically, he claimed that the State failed to present any evidence establishing his failure to appear. He also argued that the State did not present evidence establishing whether there was a grace period before a probationer was required to provide an updated address. Stuebinger also argued that, because the State had not presented documents corroborating May's testimony, there was insufficient evidence to support revocation.

The court granted Stuebinger's motion as to the allegation that Stuebinger had violated the law by failing to appear but denied it as to all other allegations. Stuebinger presented no evidence and renewed his motion, which was again denied. In closing arguments, the State argued that Stuebinger had been subject to revocation four times, that failing to report and failing to provide a correct address were "huge problem[s]," and that "this man is not a candidate to continue to be on probation."

The court ruled that Stuebinger had violated the terms and conditions of his probation by failing to report for scheduled office visits and by failing to timely provide a valid residential

2

address. This timely appeal followed. Stuebinger challenges the sufficiency of the evidence supporting his revocation.

In *Cox v. State*, 2017 Ark. App. 73, at 2, the Arkansas Supreme Court explained that the State must prove the violation of a probation condition by a preponderance of the evidence but need only prove that a defendant violated one probationary term or condition before a circuit court may revoke probation. We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* "Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence." *Siddiq v. State*, 2016 Ark. App. 422, at 2, 502 S.W.3d 537, 539; Ark. Code Ann. § 16-93-308(d) (Repl. 2016) (revocation must be proved by a preponderance of the evidence). "Determining whether a preponderance of the evidence exists turns on questions of credibility and the weight to be given to the testimony." *Siddiq*, 2016 Ark. App. 422, at 2, 502 S.W.3d at 539. This court defers to the circuit court's determinations regarding a witness's credibility and the weight to be given his testimony. *Id.* at 4, 502 S.W.3d at 540.

Stuebinger challenges the sufficiency of the evidence presented against him. This argument has no merit. In support of the allegation that Stuebinger failed to report for scheduled visits with his probation officer as directed, May testified that he had gone over the conditions of probation with Stuebinger and that Stuebinger had missed several meetings with him over the past two years, attending only eleven monthly meetings in nineteen months. In support of the allegation that Stuebinger failed to provide his address to his probation officer, May testified that the previous summer, he had gone to visit Stuebinger's residence and found that he was not there. May stated that Stuebinger had eventually called and explained that he

still claimed his parents' home address is his address because he used it as a mailing address, but he admitted that he had not been living there. Stuebinger refused to give May a correct residence address at that time. May then lost contact with Stuebinger for about a month. Stuebinger provided May an updated address only after a warrant for his arrest had already been activated. At that time, he said he was staying with his girlfriend. Stuebinger did not notify May before moving out of his parents' home or moving in with his girlfriend.

Stuebinger argues, for the first time on appeal, that the State failed to prove that his violations were inexcusable. Arkansas law requires violations to be inexcusable to support revocation. Ark. Code Ann. § 16-93-308(d). Once the State proved that Stuebinger had committed at least one violation, Stuebinger then bore the burden of demonstrating a reasonable excuse for his noncompliance. *Mosley v. State*, 2018 Ark. App. 292, at 3, 550 S.W.3d 446, 448. The circuit court had the authority to accept or reject any excuses Stuebinger offered. *Stewart v. State*, 2018 Ark. App. 306, 550 S.W.3d 916. In this case, however, Stuebinger offered none. He did not testify at the hearing or present any evidence. He proffered no justification or excuse for his failure to report and failure to provide a current address. Moreover, the State presented evidence that the COVID-19 pandemic did not prevent Stuebinger from reporting. His probation officer testified that due to the pandemic, probationers were permitted to report by phone. Giving due deference to the circuit court's determinations of credibility and the weight to accord the evidence, we cannot say that the circuit court clearly erred in finding that Stuebinger inexcusably failed to comply with the terms and conditions of his probation. We affirm.

Affirmed.

BARRETT and BROWN, JJ., agree.

*The Law Office of Geoffrey D. Kearney, PLLC*, by: *Geoffrey D. Kearney*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.