SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-15-715

| | |
|---|---|
| STEVEN PASCUZZI<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** April 20, 2016<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. CR-14-520]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED; REMANDED TO CORRECT ERROR IN SENTENCING ORDER |

## BART F. VIRDEN, Judge

After appellant Steven L. Pascuzzi pleaded guilty to second-degree sexual assault, a Garland County jury sentenced him to five years' imprisonment.[1] On appeal, Pascuzzi argues that the trial court erred during the sentencing phase in not declaring a mistrial when the State improperly accused him of "inappropriate sexual contact" with his mother-in-law. We affirm but remand to correct an error in the sentencing order.[2]

---

[1]Ordinarily, there can be no appeal from a guilty plea. Ark. R. App. P.–Crim. 1(a). In *Johnson v. State*, 2010 Ark. 63, our supreme court held that an appeal may be taken after a guilty plea when it alleges evidentiary errors that arose after the plea and during sentencing.

[2]The sentencing order is inconsistent in that it states that Pascuzzi "voluntarily, intelligently and knowingly entered a plea directly to the court of guilty," yet it also indicates that he "was found guilty by the court & sentenced by [the] jury." Clearly, the wrong box was checked. We direct the trial court to correct this inadvertent error.



## I.   *Testimony at Sentencing Phase*

Following Pascuzzi's guilty plea, a sentencing hearing was held before a jury. The victim, K.S., testified that she was eleven years old when Pascuzzi, whom she described as her "uncle-in-law," forced her to touch his penis while he masturbated. After K.S. reported the assault through the child-abuse hotline, Investigator Jennifer Tonseth with the Garland County Sheriff's Office interviewed Pascuzzi, who admitted that K.S.'s allegation was true.

Pascuzzi conceded that he was babysitting K.S. and his four children at the time of the assault, and he testified that since his incarceration his children were being cared for by his mother-in-law. Pascuzzi denied assaulting any other children. The prosecutor then asked, "Would you agree with me that you've acted sexually inappropriate with your mother-in-law?" Defense counsel objected to the question on the bases that it was irrelevant and prejudicial and that "we have not heard any testimony about the mother-in-law." The prosecutor said, "Your Honor, [Pascuzzi]'s saying he's so sorry, that he wishes he could undo it again. I think the fact that if he's sexually inappropriate with other individuals indicates—." After some discussion, the prosecutor withdrew the question.

## II.   *Argument*

Pascuzzi argues that the trial court should have declared a mistrial following the prosecutor's improper and highly prejudicial question. Relying on the third exception in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), Pascuzzi argues that the trial court had a duty to intervene and correct the serious error. He contends that the question violated his fundamental right to a fair trial and tainted the minds of the jurors.



### III.   *Discussion*

Pascuzzi cites *Dillon v. State*, 311 Ark. 529, 844 S.W.2d 944 (1993), in which our supreme court reversed and remanded for a new trial after the prosecutor left an impression in the jurors' minds that complaints existed against the police-officer defendant for threatening to plant drugs on women if they refused him sex. The court noted that the prosecutor's questions and comments tainted the jury's decision and violated the fundamentals of the criminal-justice system.

*Dillon*, however, is readily distinguishable in that defense counsel moved for a mistrial and sought an admonishment to the jury and, therefore, there was no argument concerning the *Wicks* exceptions. Here, Pascuzzi did not request a mistrial or an admonition to the jury. Further, once the prosecutor withdrew the question, Pascuzzi received all the relief he had requested. *See Cupples v. State*, 318 Ark. 28, 883 S.W.2d 458 (1994).

It is a well-settled general rule that we will not consider issues raised for the first time on appeal; a contemporaneous objection is required to preserve an issue for appeal. *Davis v. State*, 2011 Ark. App. 561. Our supreme court in *Wicks* set forth four narrow exceptions to the contemporaneous-objection rule. The only exception at issue here is the third one: when the trial court has a duty to intervene, without an objection, and correct a serious error either by an admonition to the jury or by ordering a mistrial.

The type of serious error contemplated by this exception deals with errors affecting the very structure of the criminal trial. *See, e.g.*, *Anderson v. State*, 353 Ark. 384, 108 S.W.3d 592 (2003) (holding that court would consider, without contemporaneous objection, issues

involving infringement on right of presumption of innocence and State's burden of proof); *Grinning v. City of Pine Bluff*, 322 Ark. 45, 907 S.W.2d 690 (1995) (reversing conviction where defendant was tried before a jury of only six members rather than twelve); *Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992) (reversing convictions where there was no express waiver by defendant of right to jury trial).

While we agree with Pascuzzi that the prosecutor's question was irrelevant and inappropriate, we hold that the error did not rise to a level sufficient to trigger the third *Wicks* exception. *See, e.g., Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55 (holding that prosecutor's question about defendant's prior statement regarding whether he had had sex with his daughter while she was a minor did not fall within exception); *McKenzie v. State*, 362 Ark. 257, 208 S.W.3d 173 (2005) (holding that prosecutor's cross-examination of defendant about his mother's alleged statement that he had been accused of a crime in Jamaica was not the sort of error that fell within third *Wicks* exception); *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002) (holding that defendant could not raise for first time on appeal that he was fundamentally prejudiced by prosecutor's statement that defendant had been a drug dealer for ten years); *David v. State*, 295 Ark. 131, 748 S.W.2d 117 (1988) (refusing to consider error involving admission of defendant's prior bad acts of stashing a stolen motorcycle, killing a man, and skinny dipping with a married woman where no objection was made to the trial court).

Affirmed; remanded to correct error in sentencing order.
HIXSON and BROWN, JJ., agree.

*Montgomery, Adams & Wyatt, PLC*, by: *Dale E. Adams*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.