
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–38

| | |
|---|---|
| JESSIE EARL BANEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: SEPTEMBER 14, 2016<br><br>APPEAL FROM THE SHARP COUNTY CIRCUIT COURT [NOS. CR-12-84, CR-12-173, CR-13-106]<br><br>HONORABLE HAROLD S. ERWIN, JUDGE<br><br>SUPPLEMENTATION OF RECORD AND REBRIEFING ORDERED |

### KENNETH S. HIXSON, Judge

On July 8, 2013, appellant Jessie Earl Baney was convicted of two counts of residential burglary, two counts of theft of property, one count of breaking or entering, and one count of aggravated cruelty to a dog, cat, or horse. Mr. Baney was placed on ten years' probation for each of the burglary and theft convictions, and placed on six years' probation for each remaining conviction. On October 2, 2015, the State filed a petition to revoke appellant's probation, alleging that he violated the conditions of his probation by incurring subsequent felony charges, possessing a firearm, failing to be gainfully employed or enrolled as a student, failing to seek out a stable residence, and failing to pay fines and costs. After a hearing, the trial court found that Mr. Baney violated his conditions and revoked each of his probations. Pursuant to the revocation, the trial court entered an order on October 8, 2015, sentencing appellant to a total of thirty years in prison.

Mr. Baney now appeals from his revocation and resulting sentences, and his sole argument on appeal is that there was insufficient evidence to support the trial court's finding that he violated his conditions of probation. We remand to settle the record and supplement the addendum.

Arkansas Supreme Court Rule 4-2(a)(8) requires that the addendum to appellant's brief include all documents that are essential for the appellate court to understand the case and to decide the issues on appeal. Mr. Baney's addendum does not contain his written conditions of probation, which is essential to our review of this case and his argument that the trial court erred in finding that his conditions were violated. *See Reyes v. State*, 2012 Ark. App. 125. *Dees v. State*, 2012 Ark. App. 85. Moreover, appellant's written conditions of probation are not contained in our record. If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected, and if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.−Civ. 6(e) (made applicable to criminal cases by Ark. R. App. P.−Crim. 4(a)).

Because of the deficiency in the record, we remand to the circuit court to settle and supplement the record with the necessary document containing appellant's written conditions of probation, to be completed within thirty days. Upon filing of the supplemental record, appellant shall have fifteen days in which to file a substituted abstract, addendum, and brief. *See* Ark. Sup. Ct. R. 4-2(b)(3). If Mr. Baney fails to do so, the judgment from which he now appeals may be affirmed for noncompliance with the rule. *Id.* After Mr. Baney files a substituted abstract, brief, and addendum, the State may revise

or supplement its brief within fifteen days of the filing of appellant's brief or may rely on its previously filed brief.

Supplementation of record and rebriefing ordered.

KINARD and WHITEAKER, JJ., agree.

*R.T. Starken*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.