BRANDON J. HARRISON, Judge
Earl Alexander appeals the revocation of his probation and suspended imposition of sentence (SIS), arguing that the circuit court erred in finding that he inexcusably violated the terms and conditions of his probation and SIS. We affirm.
In April 2009, Alexander pled guilty to possession of a controlled substance with intent to deliver and was sentenced to eight years' probation (CR-09-334). In April 2016, Alexander was charged with possession of a controlled substance (CR-16-384). Four days later, the State petitioned to revoke Alexander's probation in CR-09-334, alleging a failure to pay fines, costs, and fees; pay probation fees; and live a law-abiding life. The State also alleged he had committed the offense of possession of a controlled substance. In October 2016, Alexander pled guilty in CR-16-384 and was sentenced to six years' SIS. The revocation petition in CR-09-334 was nolle prossed.
In February 2017, the State petitioned to revoke Alexander's probation in CR-09-334 and his SIS in CR-16-384. The State alleged the following violations: (1) failure to pay fines, costs, and fees as directed; (2) failure to pay probation fees; (3) failure to live a law-abiding life; and (4) commission of the offenses of possession of cocaine with purpose to deliver, possession of a schedule I controlled substance with purpose to deliver, and possession of a schedule VI controlled substance with purpose to deliver (CR-17-202).
The circuit court convened a revocation hearing on 6 June 2017. Anitra Thompson, an employee of the Crittenden County Sheriff's Office, testified that Alexander owed $3395 in CR-09-334, $895 in CR-16-384, and that he had not made any payments on either case. West Memphis police officer Jeff Shehan, who initiated the traffic stop that resulted in Alexander's new charges in CR-17-202, testified that the driver of the vehicle, Sherita Walker, told him that the drugs found on her person belonged to Alexander. Officer Shehan also testified that Alexander admitted that he had smoked marijuana. Finally, Walker testified that as she was pulling off the street and into a parking lot, Alexander "threw this stuff to me. ... It was a bag, a little thing. I think, it was some weed or whatever. He told me to cuff it[.]"
The circuit court concluded that Alexander had made no payments and had admitted smoking marijuana, both of which are violations sufficient to revoke his probation and SIS. The court also stated that it believed Walker's testimony: "I believe *746 you gave the marijuana and what turned out to be cocaine to [Walker] and I believe she didn't know you had it with her. So, that is also a basis for the violation of your probation and your suspended imposition of sentence." The court sentenced Alexander to twenty-eight years' imprisonment with ten years' SIS in CR-09-334 and six years' imprisonment in CR-16-384, to run concurrently. Alexander has now timely appealed.
To revoke probation or a suspended sentence, the burden is on the State to prove the violation of a condition of the probation or suspended sentence by a preponderance of the evidence. Jones v. State , 355 Ark. 630, 144 S.W.3d 254 (2004). On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. Id. Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or suspended sentence. Id. Thus, the burden on the State is not as great in a revocation hearing. Id. Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. Id. Finally, only one violation is required to sustain a revocation. Springs v. State , 2017 Ark. App. 364, 525 S.W.3d 490.
On appeal, Alexander argues that the circuit court erred in finding that he had inexcusably violated the terms and conditions of his probation and SIS. First, Alexander concedes that he admitted smoking marijuana and that this was a violation, but he argues that "there was no testimony presented by the State that this was inexcusable." Next, Alexander contends that the State failed to prove that he inexcusably failed to make payments as ordered. He states that simply demonstrating the amount owed on his cases was not enough and that "the sentencing court must inquire into the reason for nonpayment." Alexander cites no authority for this argument. Finally, Alexander asserts that the State failed to prove that he did not live a law-abiding life or that he committed the new offenses. He argues that the only evidence against him was Walker's testimony and that her testimony was not corroborated.[1]
As noted above, only one violation is required to sustain a revocation. In this case, we hold that the circuit court did not err in finding that Alexander had violated the conditions of his probation and his SIS by not making required payments. Our case law holds that when the alleged violation is a failure to make payments as ordered, it is the State's burden to prove that the failure to pay was inexcusable; once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay. Reyes v. State , 2012 Ark. App. 358, 2012 WL 1869512. The shifting burden draws out the reason for nonpayment, and the defendant may not "sit back and rely totally upon the trial court to make inquiry into his excuse for nonpayment." Hanna v. State , 2009 Ark. App. 809, at 5, 372 S.W.3d 375, 379 (citing Brown v. State , 10 Ark. App. 387, 389, 664 S.W.2d 507, 508 (1984) ). In this case, Alexander offered no excuse for his nonpayment, and the circuit court *747 had no duty to ask why Alexander failed to pay.
Affirmed.
Virden and Klappenbach, JJ., agree.

Alexander also argues on appeal that his arrest on the new criminal charges was illegal. However, that argument is irrelevant to the present appeal; this appeal concerns only whether the circuit court properly found that Alexander had violated the terms and conditions of his probation and SIS.