ROBERT J. GLADWIN, Judge
Appellant Steven Anthony Straub appeals from an order of the Craighead County Circuit Court revoking his probation. On appeal, Straub challenges the sufficiency of the evidence supporting the October 5, 2018 revocation. We affirm.
I. Facts
On March 29, 2012, Straub pleaded guilty to criminal mischief and breaking or entering in Craighead County Circuit Court No. 16JCR 2009-694,[1] for which he *778 received a suspended sentence. A petition for revocation was filed on May 15, 2013, and Straub pleaded guilty to nonpayment, failure to report, and departing the state without permission and was resentenced to sixty months' probation on July 31, 2014. An order setting out the conditions of Straub's probation was filed of record that same date.
On January 7, 2016, the State petitioned to revoke Straub's probation on the basis of pending criminal charges in Louisiana, as well as for leaving Arkansas without permission and failing to pay court-ordered fines and restitution. The petition was amended on September 25, 2018, to add an additional basis for revocation-the failure to lead a law-abiding life because of a new charge of theft by receiving (jewelry).
At the hearing on October 5, 2018, the State announced it would not be pursuing revocation on the pending criminal charges in Louisiana but would continue to pursue revocation on the other grounds alleged. Evidence was submitted, and witness testimony was taken by both parties at the hearing.
Kayla Sain, Straub's probation officer, explained that she "inherited" Straub's case from two previous probation officers. She testified to having a record of Straub's meeting with his prior supervising officer in 2014, but she could not find any documentation of a probation transfer to Louisiana. Sain had documentation of a request to transfer Straub's probation to Louisiana in 2012, but she testified from her case file and had no independent knowledge of the situation. Sain also testified about Straub's payment history, stating that Straub was delinquent in his payments of fines, fees, and costs.
Martha Carey testified that she had hired Straub to help her move several items into her house, only to realize the next day that her house had been burglarized and that many personal items had been stolen, including a distinctive bag and several pieces of jewelry. Carey described the bag as very distinctive because it was a zippered silver bag with several different compartments. She further testified that she was shown pictures of jewelry by police officers that she identified as belonging to her.
Detective Jacob Daffron explained that he was the detective assigned to the burglary. He testified that he found the bag and some of the jewelry in question at the home of Enano Goza and Sabrina Quirrels, a residence where Straub admitted staying.
Ms. Quirrels testified next, explaining that Straub had been staying at her house and that he had given her some jewelry to pawn. Mr. Goza testified next and stated that he had pawned some jewelry given to him by Straub and, by doing so, was subsequently convicted of theft by receiving. The State then rested its case-in-chief.
Straub testified on his own behalf, and he indicated that he is not from Arkansas and was only briefly here around the time of his initial arrest. He testified that his prior probation officer had authorized his return to his home state of Louisiana. Straub stated that while he was there, he had been homeless and unable to obtain and maintain employment due, in part, to his status as a felon and also his lengthy incarceration associated with this case. Straub stated that he could not make payments because he was unable to do so.
At the conclusion of the hearing, the circuit court found Straub's testimony not credible and that the State had met its burden of proof and had presented sufficient evidence of Straub's inexcusable violation of the terms and conditions of his probation. Specifically, the circuit court *779 found that Straub had violated his probation by leaving the state of Arkansas without permission, committing the crime of theft by receiving, and not making court-ordered payments. He was sentenced to sixty months in the Arkansas Department of Correction followed by forty-eight months' suspended imposition of sentence pursuant to a sentencing order filed on October 5, 2018. A timely notice of appeal was filed on November 2, 2018.
II. Standard of Review and Applicable Law
Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2017), a circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if a preponderance of the evidence establishes the defendant inexcusably failed to comply with a condition of the probation. Clark v. State , 2019 Ark. App. 158, 573 S.W.3d 551. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence insufficient for a conviction at a criminal trial may be sufficient for revocation. Id. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless it is clearly against a preponderance of the evidence. Id. The appellate court defers to the circuit court's superior position in evaluating the credibility and weight to be given testimony. Id. To sustain a revocation of probation, the State need show only that the defendant committed one violation. Vangilder v. State , 2018 Ark. App. 385, 555 S.W.3d 413.
III. Analysis
Although Straub did not move for a directed verdict or dismissal at the close of the State's case-in-chief, that does not prevent appellate review of the sufficiency of evidence in probation-revocation cases. It is well settled that a defendant may challenge the sufficiency of the State's proof on appeal from a revocation proceeding in the absence of a directed-verdict motion or motion to dismiss. Brown v. State , 2016 Ark. App. 403, 500 S.W.3d 781.
Also, the State argues that we need not address the merits of Straub's argument because he does not challenge the failure-to-report basis, but we disagree. Although Straub does not specifically number that particular basis for revocation in his brief, he does briefly address it as part of his argument regarding leaving Arkansas without permission. We acknowledge that the circuit court did find his failure to report as a basis for the revocation despite its not being in the petition to revoke. However, because the evidence supporting at least one of the other three grounds that were included is sufficient, we affirm the revocation.
As noted above, only one violation is required to sustain a revocation. Vangilder , supra. The third ground for revocation relied on by the circuit court was Straub's nonpayment of restitution, costs, and fees. Arkansas Code Annotated section 5-4-205(f) (Supp. 2017) provides that when a defendant fails to pay court-ordered restitution, a court may revoke probation or suspension "if the defendant has not made a good faith effort to comply with the order."
In this case, we hold that the circuit court did not err in finding that Straub had violated the conditions of his probation by not making required payments. Our case law holds that when the alleged violation is a failure to make payments as ordered, it is the State's burden to prove that the failure to pay was inexcusable; once the State has introduced evidence of nonpayment, the burden of *780 going forward shifts to the defendant to offer some reasonable excuse for failing to pay. Alexander v. State , 2018 Ark. App. 466, 561 S.W.3d 744. The shifting burden draws out the reason for nonpayment, and the defendant may not "sit back and rely totally upon the trial court to make inquiry into his excuse for nonpayment." Id. at 4, 561 S.W.3d at 746 ; see also Hanna v. State , 2009 Ark. App. 809, at 5, 372 S.W.3d 375, 379 (citing Brown v. State , 10 Ark. App. 387, at 389, 664 S.W.2d 507, 508 (1984) ).
Here, the State introduced testimony that Straub had not paid fines, fees, and costs as directed. Straub testified as to why he had not made payments-noting his status as a felon, his homelessness, and the extended time that he spent incarcerated. He claims that the State offered no further evidence to indicate that his nonpayment was willful and inexcusable. Accordingly, Straub maintains that it was error for the circuit court to revoke his probation and suspension on the ground of nonpayment.
We disagree. Straub's probation officer, Ms. Sain, testified that Straub was to make monthly payments on fines and restitution to the sheriff's office and monthly supervision fees, but he had paid only two months of those supervision fees, or $ 70. Straub testified that he had paid probation fees "a couple of times" but offered no testimony of ever having paid any of the $ 1788 in court-ordered restitution, court costs, and fees that Ms. Sain testified he had accumulated.
Although Straub argues on appeal that the circuit court was required by statute to consider certain factors regarding his ability to pay and that such inquiry is "fact intensive," once the State established a record of nonpayment, Straub had the burden of demonstrating an inability to pay or some reasonable excuse for his failure to pay. Alexander , 2018 Ark. App. 466, at 4, 561 S.W.3d at 746. He failed to do so.
Instead, Mr. Goza, an acquaintance of Straub's, testified that he had worked with Straub in the past and that Straub had "always paid his way." Straub further acknowledged that he had been employed at times during the term of his probation, including working jobs in Louisiana and for a masonry contractor for a few months in Arkansas.
The circuit court specifically found that Straub had no reasonable excuse for nonpayment, acknowledging that the State had the burden of establishing that Straub's failure to pay was willful "and, obviously, while you're in jail you don't have the ability to pay on fines, costs and fees[.]" However, the court then found that "nothing ha[d] been paid on fines, costs and fees, and that, at least some of the time, Mr. Straub was out [of jail], he had the ability, by part-time jobs or otherwise, to make some payments, $ 10, $ 15, $ 25, whatever, but that has not been done," and "there were opportunities for him to pay probation fees, but he didn't[.]" The circuit court concluded by stating that "by a preponderance or a greater weight of the evidence, his failure to pay something on the fines, costs and fees-and-and something additional on the probation fees, was willful and is a basis for revocation."
The circuit court, as trier of fact, was entitled to assess Straub's explanation for his failure to pay and conclude that his nonpayment was not excusable. We defer to the circuit court and hold its finding is not clearly against the preponderance of the evidence. Because the State need only show that the appellant committed one violation in order to sustain a revocation, we decline to address the other bases for *781 the court's revocation. See Hart v. State , 2017 Ark. App. 434, 530 S.W.3d 366.
Affirmed.
Switzer and Hixson, JJ., agree.

A public-intoxication charge was nolle prossed by an order filed March 29, 2012.