Cite as 2020 Ark. App. 158

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-698

|  |  |
|---|---|
| ROBERTO TORRES<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 4, 2020<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-11-539]<br><br>HONORABLE MICHAEL MEDLOCK, JUDGE<br><br>REMANDED TO SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

Roberto Torres appeals the sentencing order entered by the Crawford County Circuit Court revoking his probation and sentencing him to six years' imprisonment for breaking or entering and six years' imprisonment for theft of property, to run consecutively. On appeal, Torres argues that insufficient evidence supports the circuit court's revocation decision. We remand to supplement the record and order rebriefing.

On August 30, 2012, Torres pled guilty to breaking or entering and theft of property. He was sentenced to five years' probation and ordered to pay seventy dollars in restitution along with court costs, fines, probation-supervision fees, and administrative fees. Torres signed a plea agreement on August 30, 2012, that set forth the conditions of his probation. Thereafter, the State petitioned to revoke Torres's probation in October 2012, May 2014, and

October 2016 for alleged violations of the conditions of his probation. In each instance, Torres pled guilty to the allegations, and his probation was either continued or extended.

On December 5, 2017, the State filed another petition to revoke Torres's probation alleging that on November 8, he violated the conditions of his probation by failing to report to his probation officer; committing the new offense of possession of drug paraphernalia on November 9; failing to provide proof of his residence on November 27; and failing to pay supervision fees and absconding on December 5. The State amended the petition to revoke on March 5, 2019, adding the allegation that Torres failed to appear for his January 2019 revocation hearing. On May 7, 2019, the State filed a second amended petition to revoke adding the allegation that Torres failed to appear for a second revocation hearing in March 2019.

A revocation hearing was ultimately held on May 17, 2019, at which Torres's probation officer, Michael Irby, testified that he met Torres on September 24 and October 8, 2018. Torres was scheduled to report on November 8, but he failed to report at that time or any time thereafter. Irby testified that he received an e-mail that Torres had been arrested on a new charge on November 9 and that Torres was required to report this information to the probation office within twenty-four hours of his release, but Torres failed to do so. Irby stated that on November 27, he made a home visit at the address Torres had provided, but he was not home and there was no evidence that he lived there. Irby said that Torres had not paid his probation-supervision fees and owed $180. Tabitha Medford, a deputy clerk for the Crawford County Circuit Court, testified that court records indicate two failure-to-appear warrants were issued for Torres after he failed to appear in court in January and March 2019.

Torres testified that while he had been sober for eight months, he had "gotten high again" around November 5, 2018, was homeless, and in need of drug treatment. Torres admitted that he failed to appear for a January 2019 revocation hearing and that he was late for his March 2019 revocation hearing.

At the conclusion of the hearing, the circuit court orally revoked Torres's probation. On appeal, Torres argues that the circuit court clearly erred in finding that he inexcusably failed to comply with the conditions of his probation because the evidence was insufficient to prove that he failed to report his residence, failed to appear for court, failed to report to his probation officer, and failed to pay his financial obligations. We cannot reach the merits of Torres's argument due to deficiencies in his addendum.

Arkansas Supreme Court Rule 4-2(a)(8) (2019) requires that the addendum to an appellant's brief include all documents essential for the appellate court to understand the case and to decide the issues on appeal. Torres's addendum does not contain the August 30, 2012 plea agreement that sets forth the conditions of his probation, which is essential to our review of this case and his argument that the circuit court erred in finding that the conditions had been violated. *Baney v. State*, 2016 Ark. App. 405, at 1 (citing *Reyes v. State*, 2012 Ark. App. 125; *Dees v. State*, 2012 Ark. App. 85). Moreover, Torres's written conditions of probation are not contained in our record. If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and, if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e) (2019) (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)).

3

Because of the deficiency in the record, we remand to the circuit court to settle and supplement the record with the August 30, 2012 plea agreement that sets forth the conditions of Torres's probation to be completed within thirty days. Upon filing of the supplemental record, Torres shall have fifteen days in which to file a substituted abstract, addendum, and brief. Ark. Sup. Ct. R. 4-2(b)(3). If Torres fails to do so, the judgment from which he now appeals may be affirmed for noncompliance with the rule. *Id.* After Torres files a substituted abstract, brief, and addendum, the State may revise or supplement its brief within fifteen days of the filing of Torres's brief or may rely on its previously filed brief.

Remanded to supplement the record; rebriefing ordered.

HARRISON and SWITZER, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.