Cite as 2020 Ark. App. 370

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-19-698

|  |  |
|---|---|
| | **Opinion Delivered** September 2, 2020 |
| ROBERTO TORRES | |
| | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 17CR-11-539] |
| V. | |
| | HONORABLE MICHAEL MEDLOCK, JUDGE |
| STATE OF ARKANSAS | |
| | REVERSED AND DISMISSED |
| APPELLEE | |

## LARRY D. VAUGHT, Judge

Roberto Torres appeals the sentencing order entered by the Crawford County Circuit Court revoking his probation and sentencing him to six years' imprisonment for breaking or entering and six years' imprisonment for theft of property, to run consecutively. On appeal, Torres argues that insufficient evidence supports the circuit court's revocation decision. We agree and reverse and dismiss.

On August 30, 2012, Torres pled guilty to breaking or entering and theft of property. He was sentenced on September 17, 2012, to five years' probation and ordered to pay restitution, court costs, fines, probation-supervision fees, and administrative fees. The conditions of probation attached to the sentencing order required him, among other things, to pay his financial obligations, report to his probation officer, report address changes, and not commit a criminal offense punishable by imprisonment.

The State filed a petition for revocation on October 26, 2012, alleging that Torres had failed to make payments toward his financial obligations. On January 11, 2013, the circuit court entered an order finding that Torres pled guilty to contempt of this condition of his probation. Torres was sentenced to twenty days in jail suspended upon the condition that he pay a $500 fine in full prior to January 1, 2013. This order further states, "All terms and conditions of probation remain as previously ordered."

On May 28, 2014, the State filed a petition to revoke Torres's probation, alleging that he had failed to pay his probation fines and fees. The circuit court entered an order on September 23 finding that Torres pled guilty to the allegation, and Torres was sentenced to serve fifteen days in jail. This order also states, "All previously ordered terms and conditions remain as previously stated."

The State filed another petition to revoke Torres's probation on October 13, 2016, alleging that he had failed a drug test on August 17, 2016; had failed to provide a valid address to his probation officer; had failed to pay his fees; and had absconded. The circuit court entered a sentencing order on July 31, 2017, revoking Torres's probation and sentencing him to three years' probation. No conditions of probation are attached to this sentencing order; however, the "Additional Info" section of the order states: "Probation begins as of plea date. . . . Defendant to pay $35.00 monthly probation fee which is to be paid to th[e adult probation] office." Thus, the only condition of probation referenced in this order is the monthly probation fee.

On December 18, 2017, the State filed a petition to revoke Torres's probation alleging that he had failed to pay probation fees, failed drug testing, and "failed to report for

2

probation by absconding." The State amended the petition on May 10, 2018, to add that Torres had failed to report to his probation officer and failed to get approval from his supervising officer to change his address. On August 23, the State moved to withdraw the amended petition to revoke, and the circuit court entered an order granting the motion on August 27.

The State filed another petition to revoke Torres's probation on December 5, 2018, alleging that he had failed to report to his probation officer on November 8; committed the new offense of possession of drug paraphernalia on November 9; failed to provide proof of his residence on November 27; and failed to pay probation fees and absconded on December 5. The State amended the petition on March 5, 2019, adding the allegation that Torres had failed to appear for his January 2019 revocation hearing. On May 7, 2019, the State filed a second amended petition to revoke adding the allegation that Torres had failed to appear for a revocation hearing in March 2019.

A revocation hearing was held on May 17, 2019, at which Torres's probation officer, Michael Irby, testified that Torres was scheduled to report on November 8 but did not report on that date or thereafter. Irby testified that he received an email that Torres had been arrested on a new charge on November 9 but offered no other details. Irby stated that on November 27, he made a home visit to the address Torres had provided, but Torres was not home, and there was no evidence that he had been living there. Finally, Irby said that Torres had not paid his probation-supervision fees and owed $180. Tabitha Medford, deputy clerk for the Crawford County Circuit Court, testified that court records indicate that two failure-to-appear warrants were issued for Torres after he failed to appear in court in January and March 2019.

3

Torres testified that he completed a drug-treatment program last year as part of his probation and that he had been sober for eight months, but around November 5, 2018, he had "gotten high again" and needs drug treatment. Torres conceded that he failed to appear for his January 2019 revocation hearing and that he showed up late for his March 2019 revocation hearing.

At the conclusion of the hearing, the circuit court orally revoked Torres's probation. The court found that one of Torres's conditions of probation was not to violate any other laws, yet he failed to appear in court on at least one occasion. A sentencing order was entered on June 10, 2019, revoking Torres's probation. This appeal followed.[1]

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2019), a circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if a preponderance of the evidence establishes the defendant inexcusably failed to comply with a condition of the probation. *Straub v. State*, 2019 Ark. App. 302, at 4, 577 S.W.3d 776, 779. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence insufficient for a conviction at a criminal trial may be sufficient for revocation. *Id.*, 577 S.W.3d at 779. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless it is clearly against a preponderance of the evidence. *Id.*, 577 S.W.3d at 779. The appellate court defers to the circuit court's superior position in evaluating the credibility and

---

[1]This is Torres's second appeal. We remanded the first appeal, ordered the circuit court to settle and supplement the record with the August 30, 2012 plea agreement that set forth the original conditions of Torres's probation, and ordered rebriefing. *Torres v. State*, 2020 Ark. App. 158. Counsel has corrected the deficiency in this appeal.

weight to be given testimony. *Id.*, 577 S.W.3d at 779. To sustain a revocation of probation, the State need only show that the defendant committed one violation. *Id.*, 577 S.W.3d at 779.

Before reaching the issue of whether the circuit court clearly erred in revoking Torres's probation, we must first determine what conditions of probation apply to him: (1) the list of conditions attached to the 2012 sentencing order or (2) the one condition—payment of a monthly probation fee—stated on the 2017 sentencing order. Below, the State pursued the case as though both the 2012 and 2017 conditions applied because the State's 2018 and 2019 petitions to revoke alleged violations from both lists. Likewise, the circuit court appeared to believe the 2012 conditions applied because its sole basis for revoking Torres's probation was that he committed a criminal offense punishable by imprisonment—he failed to appear for court.

We hold that the 2012 conditions of probation do not apply to Torres in this revocation proceeding. These conditions were superseded by the entry of the 2017 sentencing order, which has no conditions attached to it and does not expressly state that the 2012 conditions of probation apply to Torres. Because the 2012 conditions do not apply to Torres, we hold that the circuit court clearly erred when it revoked Torres's probation on its finding that he violated the 2012 condition to not commit a criminal offense.

While the 2012 conditions of probation do not apply in his case, the one condition stated in the 2017 sentencing order does. That one condition is that Torres pay a monthly probation fee, and the State's petition to revoke alleged that Torres violated this condition. Therefore, in this appeal we are limited to deciding whether the State proved that Torres failed to pay his supervision fee. However, our review of the record reveals that the circuit court

made no findings or rulings on the issue of whether Torres failed to pay his probation fees. Therefore, the record is devoid of any basis on which this court can affirm for failure to pay probation fees. In other words, we have nothing to review.

We are aware that when multiple violations are alleged as justification for revocation of probation, and the circuit court makes no specific findings as to which violation it relied on, we will affirm the revocation if there is sufficient evidence to establish that at least one violation has been committed. *Stewart v. State*, 2018 Ark. App. 306, at 3, 550 S.W.3d 916, 918 (citing *Doyle v. State*, 2009 Ark. App. 94, at 4, 302 S.W.3d 607, 609). However, these are not the circumstances in the instant case. Here, the circuit court did make a specific finding to support its revocation decision—that Torres committed a criminal offense by failing to appear in court. However, as set forth above, we have held that this finding cannot form the basis of the circuit court's revocation decision, and there are no other findings of the circuit court to review. Accordingly, we must reverse and dismiss.

Reversed and dismissed.

GLADWIN and SWITZER, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.