Cite as 2021 Ark. App. 216

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-20-726

| | | |
|---|---|---|
| MICHELLE WELCH | | **Opinion Delivered:** May 5, 2021 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-18-968] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE TONYA M. ALEXANDER, JUDGE |
| | | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Michelle Welch appeals from an order of the Craighead County Circuit Court revoking her probation. On appeal, Welch challenges the sufficiency of the evidence supporting the September 9, 2020 revocation. We affirm.

### I. *Facts*

On October 8, 2018, Welch pleaded guilty to forgery in the second degree in Craighead County Circuit Court No. 16JCR-18-968, for which she was sentenced to thirty-six months of probation. On August 1, 2019, the State filed a petition for revocation alleging that Welch had violated two conditions of her probation—failing to report to her probation officer and failing to pay fines and costs.

A hearing was held on September 9, 2020. Evidence was submitted, and witness testimony was taken by both parties at the hearing. Becky Mahon testified that she was the person responsible for collecting payment of fines and fees for the Craighead County

Sheriff's Office. Mahon testified that Welch had made only one payment to the sheriff's office on February 4, 2019. She stated that Welch had an outstanding balance of $945. A copy of Welch's payment-plan history was introduced without objection.

Ryan Jones, Welch's probation officer, testified that Welch was given a report date of October 17, 2018, after being placed on probation. Jones said that Welch failed to report to the probation office on October 17. Jones unsuccessfully attempted to contact Welch by telephone on January 8, 2019, and then sent her a letter instructing her to report on January 15. Welch did not report. Jones conducted a home visit on January 23 to the address Welch had submitted as her current address, which turned out to be a nonexistent location. Jones testified that he finally spoke to Welch on the telephone on August 26, 2020. Jones also testified about Welch's payment history, stating that she had an outstanding balance of $245 on her supervision fees. The State then rested its case-in-chief.

Welch testified on her own behalf, and she admitted that she had failed to report to her probation officer on October 17. She stated that she had been sick and called and left Officer Jones a voicemail with three phone numbers to reach her. Welch explained that she had tried to contact Officer Jones for months, including two and three times in some months, and never received a call back. She testified that she called and left Jones a message with a new address in March 2019 but, again, never heard from him. Welch also testified that after she spoke to Jones in August 2020, he asked her to come in the next day for a visit but that she was unable to because she had a counseling appointment. When questioned about why she had failed to make any subsequent payments on her fines, Welch said that her son had purchased money orders for payment, and she had mailed them to the sheriff's

2

office.  Welch believed that she paid her fines in full; however, she was unable to show receipts because her safe in a storage unit had been broken into several times.

At the conclusion of the hearing, the circuit court found Welch's testimony not credible and that the State had met its burden of proof and presented sufficient evidence of Welch's inexcusable violation of the terms and conditions of her probation.  She was sentenced to twenty-four months in the Community Correction Center followed by forty-eight months' suspended imposition of sentence pursuant to a sentencing order filed September 9, 2020.  A timely notice of appeal was filed on September 28, 2020.

## II.  *Standard of Review and Applicable Law*

To revoke probation, the circuit court must find by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of the probation.  Ark. Code Ann. § 16-93-308(d) (Supp. 2019).  To sustain a revocation, the State need only show that the defendant committed one violation.  *Lamb v. State*, 2019 Ark. App. 494, 588 S.W.3d 409.  The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence insufficient for a conviction at a criminal trial may be sufficient for revocation.  *Straub v. State*, 2019 Ark. App. 302, 577 S.W.3d 776.  When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless it is clearly against a preponderance of the evidence.  *Id.*  The appellate court defers to the circuit court's superior position in evaluating the credibility and weight to be given testimony.  *Id.*

III. *Discussion*

Although Welch did not move for a directed verdict or dismissal at the close of the State's case-in-chief, that does not prevent appellate review of the sufficiency of the evidence in probation-revocation cases. *Id.* It is well settled that a defendant may challenge the sufficiency of the State's proof on appeal from a revocation proceeding in the absence of a directed-verdict motion or motion to dismiss. *Brown v. State*, 2016 Ark. App. 403, 500 S.W.3d 781.

Welch argues on appeal that the circuit court erred in revoking her probation because she was able to refute the State's allegations that she failed "to attend meetings and to pay." In this case, we hold that the circuit court did not err in finding that Welch had violated the conditions of her probation by not making the required payments. Our case law holds that when the alleged violation is a failure to make payments as ordered, it is the State's burden to prove that the failure to pay was inexcusable; once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay. *Alexander v. State*, 2018 Ark. App. 466, 561 S.W.3d 744. The shifting burden draws out the reason for nonpayment, and the defendant may not rely on the circuit court to make inquiry as to the reason for her excuse for nonpayment. *Id.*

Here, the State introduced testimony that Welch had not paid her fines, fees, and costs as directed. Welch testified that she believed she had paid all her fines in full. She claims that the State offered no further evidence to indicate that her payment was willful

and inexcusable. Accordingly, Welch maintains that it was error for the circuit court to revoke her probation on the ground of nonpayment.

We disagree. Becky Mahon testified that Welch had made only one payment of $50 toward her fines and had a current outstanding balance of $945 with the Craighead County Sheriff's Office. Officer Jones testified that Welch owed $245 in supervision fees. Welch testified that her son had purchased money orders that she sent in to pay her fines but was unable to present any evidence of receipts from these purchases because her safe had been stolen from a storage unit.

Welch argues that she provided the circuit court with a reasonable explanation for her failure to pay. The circuit court specifically found that it did not believe Welch paid her fines or that she made any payments until after the petition to revoke had been filed when she made the one payment. The circuit court, as trier of fact, was entitled to assess Welch's explanation for her failure to pay and conclude that her nonpayment was not excusable. We defer to the circuit court and hold that its finding is not clearly against the preponderance of the evidence. Because the State need only show that the appellant committed one violation in order to sustain a revocation, we decline to address the failure-to-report violation. *Straub*, *supra*.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

5