Cite as 2022 Ark. App. 69

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-21-370

| | |
|---|---|
| NICHOLAS LONG<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** February 9, 2022<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NOS. 04CR-18-33; 04CR-18-2291]<br><br>HONORABLE BRAD L. KARREN, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Nicholas Long appeals the Benton County Circuit Court's revocation of his probation. On appeal, Long argues (1) the evidence was insufficient to revoke his probation; (2) he had a constitutional right to be physically present at his revocation hearing; and (3) the case must be remanded to correct the sentencing order to accurately reflect his jail-time credit. We affirm.

On February 14, 2019, Long pleaded guilty to domestic battering in the third degree, a Class D felony; possession of drug paraphernalia, a Class D felony; failure to appear, a Class C felony; and violation of a no-contact order, a misdemeanor violation and was sentenced to six years' probation. As a condition of probation, Long was ordered to serve 118 days in the Benton County Detention Center, with credit for 118 days' time served in jail prior to his guilty plea.

The State filed a petition to revoke Long's probation on October 9, 2019. The initial petition was followed by a series of amended revocation petitions, with a hearing ultimately held on the State's seventh amended revocation petition that alleged the following eighteen probation violations:

1. The defendant has failed to pay his Arkansas Community Correction supervision fees in the amount of $215.

2. The defendant has failed to report to his Mirror Image Model groups as directed by his supervising officer.

3. The defendant has been discharged unsuccessfully from his Mirror Image Model groups due to non-attendance on 7/17/2019.

4. The defendant has failed to report to his office visit on 06/24/2019 as directed by his supervising officer.

5. The defendant has changed his place of residence without permission from his supervising officer.

6. The defendant failed to report as directed for office visit on 01/03/2020.

7. The defendant failed to report for his Domestic Violation Assessment on 12/23/2019.

8. The defendant on or about 06/04/2020, committed the offense of Failure to Appear (For Felony Offense) in Benton County, Arkansas.

9. The defendant on or about 06/04/2020, committed the offense of Failure to Appear (For Misdemeanor Offense) in Benton County, Arkansas.

10. The defendant failed to report as directed after being released from the Benton County Detention Center on 07/07/2020.

11. The defendant failed to report for an office visit on 9/8/2020 as directed by his supervising officer.

12. The defendant on or about 09/21/2020 was discharged from his Mirror Image Model Program for Non-Attendance.

13. The defendant tested positive for Methamphetamines on 09/23/2020.

14. The defendant tested positive for Amphetamine on 09/23/2020.

15. The defendant on or about 10/11/2020, committed the offense of Domestic Battery, 3rd Degree in Benton County, Arkansas.

16. The defendant on or about 10/18/2020. Committed the offense of Domestic Battery, 3rd Degree in Benton County, Arkansas.

17. The defendant on or about 10/18/2020, committed the offense of Violation of a No Contact Order in Benton County, Arkansas.

18. The defendant on or about 10/18/2020, committed the offense of Criminal Trespass in Benton County, Arkansas.

After the December 16, 2020 revocation hearing at which Long presented no testimony or evidence, the circuit court revoked Long's probation, finding the State met its burden of proving that he had willfully failed to comply with the conditions of his probation. Specifically, the circuit court found the State presented sufficient proof as to allegations 1–14 of the revocation petition but failed to carry its burden as to allegations 15–18. The circuit court sentenced Long to serve a term of six years' incarceration. Long has now appealed.

A court may revoke a defendant's probation at any time prior to the expiration of the period of probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the probation.[1] The State has the burden of proving that a condition of probation was violated.[2] The State need only show that the defendant committed one violation in order to sustain a revocation.[3] We will not reverse the circuit court's findings unless

[1]Ark. Code Ann. § 16-93-308(d) (Supp. 2021).

[2]*Baker v. State*, 2016 Ark. App. 468.

[3]*Vangilder v. State*, 2018 Ark. App. 385, 555 S.W. 3d 413.

they are clearly against the preponderance of the evidence.[4] We defer to the circuit court's superior position in determining the credibility of witnesses and the weight to be given to their testimony.[5]

On appeal, Long challenges the sufficiency of the proof of each alleged violation. Although the circuit court found that the State had met its burden as to fourteen violations, we will affirm the revocation if there is sufficient evidence to establish that at least one violation has been committed.[6] Here, the State proved by a preponderance of the evidence that Long inexcusably violated the conditions of his probation by failing to pay his supervision fees.

When the State introduces evidence of nonpayment of fines or fees, the burden shifts to the defendant to offer some reasonable excuse for failing to pay.[7] "[T]he defendant may not sit back and rely totally upon the trial court to make inquiry into his excuse for nonpayment."[8] If the defendant fails to offer an excuse for nonpayment, the circuit court has no duty to ask for an excuse and may revoke the defendant's probation.[9]

Long's probation officer, Chris Eglin, testified that on the date the seventh amended revocation petition was filed, Long had failed to pay $215 in supervision fees. As of the hearing date, Long was delinquent $310 in the payment of supervision fees. Following the State's case, Long rested

---

[4]*Baker*, *supra*.

[5]*Id*.

[6]*Vangilder*, *supra*.

[7]*Hanna v. State*, 2009 Ark. App. 809, 372 S.W.3d 375.

[8]*Alexander v. State*, 2018 Ark. App. 466, at 4, 561 S.W.3d 744, 746 (internal quotation marks omitted).

[9]*Id*.

without presenting evidence or offering an excuse for his failure to pay fines. If the probationer offers no reasonable explanation for his failure to pay, then it is difficult to find clear error in a circuit court's finding of inexcusable failure.[10] Here, because Long offered no contradictory evidence to dispute the State's proof or a justification for his failure to pay his court-ordered supervision fees, we cannot hold that the circuit court clearly erred in finding that he willfully violated the conditions of his probation. Because the State need only show that Long committed one violation in order to sustain the revocation, we do not address the remainder of the violations found by the circuit court.[11]

Long argues that he testified he was in a homeless shelter in Missouri for two weeks and financially unable to pay his fees. He contends that in light of this testimony, the State failed to meet its burden of proving that his failure to pay was inexcusable. Long offered this testimony during sentencing after the circuit court had already revoked his probation. We do not consider testimony that was not before the circuit court when it made its ruling.[12]

Next, Long argues that his appearance at the revocation hearing via videoconference violated his constitutional right to be present at a critical stage of the proceedings. A defendant has a constitutional right to be present at any critical stage of the proceedings.[13] The Supreme Court of the United States held that sentencing is a critical stage of the trial, even one related to the revocation of probation based on an underlying felony offense.[14] Long contends that his videoconference

---

[10]*Vail v. State*, 2014 Ark. App. 407, 438 S.W.3d 286.

[11]*See Baker, supra.*

[12]*Jacobs v. State*, 316 Ark. 96, 870 S.W.2d 740 (1994).

[13]*Lowery v. State*, 297 Ark. 47, 759 S.W.2d 545 (1988).

[14]*Mempha v. Rhay*, 389 U.S. 128 (1967).

appearance from the Benton County Jail at his revocation hearing did not equate to being "present," and nothing in the record reflects that he waived his right to be physically present for the hearing.

The revocation hearing occurred on December 16, 2020. On November 20, 2020, the supreme court issued a per curiam announcing its newest protocols to help protect the public in response to the COVID-19 pandemic.[15] The court stated that "[c]riminal matters . . . shall continue to take place either by videoconference or in person" and that it "expects to hold court hearings through appropriate and safe means—preferably virtual and telephonic (both on the record)—for justice to occur."[16] Long does not challenge the supreme court's authority to implement these procedures. Accordingly, we find no error and affirm on this point.

Long's last argument is that he is entitled to the 178 days' jail-time credit announced at the December 20 hearing rather than the sixty-day jail-time credit reflected on his May 6, 2021 sentencing order. Relying on *Pascuzzi v. State*,[17] he urges this court to remand the case to correct the clerical error. In *Pascuzzi*, the case was remanded to correct the sentencing order that had multiple boxes checked showing that Pascuzzi both pled guilty and was found guilty by the court and sentenced by a jury. That is not the case here. The sentencing order itself is not inconsistent as it was in *Pascuzzi*. Further, we have held that when there is a discrepancy between the pronouncement of sentence and the sentencing order, it is the entered sentencing order that controls.[18]

---

[15]*See In re Response to the COVID-19 Pandemic*, 2020 Ark. 384 (per curiam).

[16]*Id.* at 2.
[17]2016 Ark. App. 213, 489 S.W.3d 709.

[18]*Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325.

Moreover, the record demonstrates that the exclusion of the additional 118-day jail-time credit was not an inadvertent scrivener's error. Long was ordered to serve 118 days in the Benton County Detention Center as a condition of his probation. If a court suspends the imposition of sentence or places a defendant on probation, the court may require as an additional condition of its order that the defendant serve a period of confinement in the county jail, city jail, or other authorized local detention, correctional, or rehabilitative facility.[19] The supreme court has held that time served as a condition of probation cannot be credited to a future prison sentence under the jail-time-credit statute.[20] Consequently, Long is entitled to only sixty days' jail-time credit for time served from his most recent arrest on new charges to the date of the revocation hearing, not the additional 118 days he served as a condition of his probation.

For the reasons stated herein, we affirm the circuit court's revocation of Long's probation and the resulting six-year prison sentence.

Affirmed.

ABRAMSON and BARRETT, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

---

[19]Ark. Code Ann. § 5-4-304(a) (Supp. 2021).
[20]*Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645.