Cite as 2025 Ark. App. 246

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR-23-778

| | |
|---|---|
| DAVID HASKELL GREEN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** April 23, 2025<br><br>APPEAL FROM THE POPE COUNTY<br>CIRCUIT COURT<br>[NO. 58CR-16-72]<br><br>HONORABLE JAMES DUNHAM,<br>JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

David Haskell Green appeals the denial of his petition under Arkansas Rule of Criminal Procedure 37 to vacate the judgment revoking his suspended sentence. We affirmed the revocation on direct appeal because there was sufficient evidence that his outburst at a funeral home in January 2021 was disorderly conduct. *Green v. State*, 2023 Ark. App. 199. That was one of three offenses the circuit court found Green committed in violation of the condition to "liv[e] a law-abiding life" by "not committing any offense punishable by imprisonment"—or spend up to sixteen years in prison when his suspended sentence for failing to register as a sex offender in October 2015 was revoked.[1] We did not address its findings that he also committed harassment and terroristic threatening. Our

---

[1]The circuit court sentenced Green as a habitual offender to four years in the Arkansas Division of Correction and six years suspended. The maximum available sentence was twenty years. Ark. Code Ann. §§ 5-4-501(a)(2)(D) (Repl. 2024), 12-12-904 (Supp. 2023).

supreme court denied Green's petition for review 22 June 2023. He filed a ten-page Rule 37 petition within sixty days of the mandate. Ark. R. Crim. P. 37.2(c)(ii). The circuit court dismissed it without a hearing, finding that "the petition and the files and records of the case conclusively show that [Green] is entitled to no relief." We affirm.

As we set out at length in *Green*, *supra*, the conduct that led the circuit court to revoke Green's suspended sentence included two incidents within three days. The first occurred 21 January 2021 at Shinn Funeral Service in Russellville during the public viewing before his aunt's funeral. Covid-19 precautions were in place. Green became irate after being asked to wear a mask.

According to Shinn's owner, Ormond Peters, Green's mother and father had to pull Green out the front door, screaming at him to settle down, after he bowed up to Peters, screaming and threatening him within six inches of his face. "I was expecting to get hit," Peters said. Karri McClatchey, a funeral director, testified that "it appeared that [Green] was going to hit him," and "you could feel an altercation was going to happen," but neither man actually took a swing. Three witnesses testified, with no significant variation, that Green got up close to Peters and said loudly—at a funeral—that he was going to "beat [Peters's] ass." The circuit court said, as it was granting the petition to revoke, that it believed them.

Green alleged that his counsel provided ineffective assistance on at least eight points. He renews all of them on appeal. When a circuit court denies a Rule 37 petition without a hearing, we will reverse its findings that the petition is wholly without merit, or that it is conclusive on the face of the petition that it warrants no relief, only for clear error. *Wood*

2

*v. State*, 2015 Ark. 477, 478 S.W.3d 194. We mind the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Nichols v. State*, 2017 Ark. 129, 517 S.W.3d 404 (per curiam). The "sole question" presented by an ineffective-assistance claim under Rule 37 is whether, "based on the totality of the evidence under the standard set forth by . . . *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective." *Id.* at 2, 517 S.W.3d at 407.

Green's allegations boil down into three issues. The first is notice: Green contends his counsel should have argued he didn't receive written notice that his suspended sentence included a condition to obey the law. Green made that argument in the appeal; we held it was not preserved. *Green*, 2023 Ark. App. 199, at 5.

The circuit court found the argument would have been meritless. We more than agree. A condition of suspended sentence can be imposed in a sentencing order. *See Torres v. State*, 2020 Ark. App. 370, 607 S.W.3d 503 (probation condition). A note in Green's February 2016 sentencing order reads, "SUSPENDED IMPOSITION OF SENTENCE CONDITIONED UPON DEFENDANT LIVING A LAW-ABIDING LIFE – NOT COMMITTING ANY OFFENSE PUNISHABLE BY IMPRISONMENT." And the record shows Green received it. Both pages bear Green's initials and his trial counsel's. Green and his trial counsel signed an accompanying acknowledgment that he had received "a copy of the foregoing order" and stated that he "fully underst[ood] the above conditions which are being imposed on [him] and the consequences of [his] violating any of those conditions." No other conditions were included.

3

Green's citation to *Neely v. State*, 7 Ark. App. 238, 647 S.W.2d 473 (1983), where we rejected the State's argument that a "good behavior" condition was implied in the defendant's suspended sentence though he received no written conditions, is insupportable. Green's suspended sentence included an express, written, all-caps condition not to commit "ANY OFFENSE PUNISHABLE BY IMPRISONMENT." Disorderly conduct is a Class C misdemeanor punishable by imprisonment for up to thirty days. Ark. Code Ann. §§ 5-4-401(b)(3) (Repl. 2024), 5-71-207(b) (Repl. 2024). We have affirmed revocations for misdemeanor violations of similar conditions. *Cameron v. State*, 2025 Ark. App. 131, ___ S.W.3d ___; *Milner v. State*, 2020 Ark. App. 546. We advise Green's counsel that on this record, this no-notice argument has been made three times too many.

Green's remaining points, except one, assert that counsel was ineffective by failing to impeach witnesses at his revocation hearing. They can be summed up like this. At least four people affiliated with the funeral home witnessed his conduct at the funeral. Three testified. Green says they had also testified at a district court trial for his disorderly conduct, harassment, and terroristic-threatening charges from the same events.[2] Some had also given statements to police that were included in the discovery file. Green alleged counsel was ineffective by failing to use those prior statements to impeach inconsistent bits of testimony (either the declarants' own or those of other witnesses) and by failing to call the funeral-home receptionist to give what he assumes would have been a helpful account.

---

[2]A pretrial hearing in Green's appeal to circuit court from that district court case was set to follow the revocation hearing immediately.

Essentially, Green makes conclusory assertions of prejudice from failures to highlight the kind of discrepancies that are expected even when all witnesses are telling the truth. Disorderly events are hard to describe in an orderly way, even when just one person describes them just one time. Counsel is allowed great leeway in making strategic and tactical decisions. *Nichols*, *supra*. If counsel decided not to belabor whether Green had "a raised tone in his voice" with McClatchey, as she testified, or "yelled at her," as Peters told a police officer, we could not fault her. This is not a difference in testimony about who shot John. One person's "raised tone" is another person's "yell." The same is true for the alleged failure to litigate whether Peters had entered the repose room when he first encountered Green, as someone told police, or merely stood at the threshold, as Peters himself testified. The court found this was a "minor point of contention, with no real substance." That was true of most of the failure-to-impeach allegations.

This was a bench trial under a preponderance-of-evidence standard where proof of even one violation would sustain the decision to revoke Green's suspended sentence. *Green*, *supra*. On the facts material to the disorderly-conduct finding, the witnesses sang in harmony, if not unison. The circuit court did not clearly err by finding none of the points merited even a hearing.

Finally, Green argues his counsel should have objected to Peters's testimony that he Googled Green after the incident at the funeral and was afraid when he saw Green drive by his house two days later. Because we affirm on the other issues, our decision about this one wouldn't change the outcome.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.